STATE OF LOUISIANA, on the Relation of EUGENE STAES, v. ARTHUR
GASTINEL.

18  517
52 1292

Section 130 of the Charter of New Orleans provides that the right of any officer of the corporation to
hold the office he fills may be tested at any time, by quo warranto, on the relation of any citizen.
The inquiry of the Court is not confined to the right of an officer, sought to be ousted, to enter upon
an office, nor to the regularity of the means by which he obtained the office, but will test and deter-
mine his right to fill the office which he holds.

APPEAL from the Sixth District Court of New Orleans, *Duplantier, J.*
*Grandmont, Canonge* and *Field*, for appellant and appellee. *Soulé,*
*Charvet & Walker*, for appellant and appellee.

HOWELL, J. At the municipal election, on 12th March, 1866, of the
votes cast for Recorder of the Second District of New Orleans, Arthur
Gastinel, the defendant, received 784, Eugene Staës, the relator, 519, and
Emile Wiltz 168, making a total of 1471. On the 19th of the same month,
Gastinel was commissioned by the Governor as Recorder and Justice of
the Peace ; on the next day he took the oath of office prescribed by the
constitution, and, on 31st same month, Eugene Staës obtained a writ of
quo warranto from the Sixth District Court of New Orleans, directed to
said Gastinel, to show cause why he should not be forbidden to perform
and usurp any longer the funtions of said office, and why the relator
should not be declared to have been duly elected to said office, on the
grounds that the said Gastinel does not possess the qualification as to age
(thirty years), prescribed by law, and that all the votes given for him at
said election are illegal and null, and must be considered as not given ;
consequently, the relator received the highest number of legal votes, and
is the duly elected Recorder of said District.

The respondent filed an exception to the petition, as cumulating two
demands, contrary to and exclusive of each other, which was properly
overruled, as it is not inconsistent with a prohibition to the incumbent
for the Court to render a decree providing for filling the office legally,
although it might reject relator's pretensions.

The respondent then answered that he is no usurper of the office, but
holds it, and that of justice of the peace, by virtue of his commission and
oath of office.

The Court below rendered judgment against the respondent, on the
first branch of the case, and on the second against the relator as of non-
suit; and both parties appealed.

The respondent contends, on appeal :

1. That, under a writ of quo warranto, the only issue to be tried is, whether or not the defendant had usurped the functions of Recorder ; and, to determine this, the Court cannot go beyond an inquiry into his title to the office.

2. That the qualifications of the defendant could only be inquired into by a *direct contestation of election*, and not by a writ of quo warranto.

. 3. That, by the Article 133 of the Constitution of 1864, the duties, functions and qualifications of Recorders seem to have been merged in the office or character of Justice of the Peace, and are subject to no restrictions except those affixed to the eligibility of such officers.

Section 130 of the City Charter (Acts 1856, p. 166) enacts that "the *right* of any officer of the city of New Orleans, *to fill the office held by him*, may be tested *at any time*, by any citizen, by a writ of quo warranto, which shall be tried as summarily as possible, both in the inferior and appellate Courts."

This clearly authorizes .the proceeding before us, and necessarily involves an inquiry into the qualifications of respondent for the office of Recorder. The law does not confine the inquiry to his right to *enter* upon the office or the regularity of obtaining it ; but permits any citizen, by this process, at any time of his term, to test his *right* to fill the office which *he holds.*

It is satisfactorily shown, and, indeed, not denied, that the respondent is under the age prescribed by the 7th section of the Charter (which is still in force, and not in conflict with the constitution), and he is therefore incompetent in law to perform the functions of Recorder, although he has been elected, commissioned and sworn. These acts do not confer the legal qualification as to age, nor dispense with it. If one qualification can be dispensed with, any and all others may be, and thus fundamental and statutory enactments rendered nugatory. The effect of Article 133 of the Constitution of 1864 is simply to confer on the Recorders the *additional powers and functions* of Justices of the Peace. They are thereby no less Recorders, but, on the contrary, their quality as Justices of the Peace is consequent and dependent upon that as Recorders.

The judgment against defendant is therefore correct.

On the second branch of the case, we cannot, however, fully concur with the lower Court.

Article 870 C. P. contemplates that, if judgment be against the respondent, the Court shall "direct the corporation to proceed to a new appointment;" and, in the case of *Reynolds* v. *Baldwin*, 1 An. 162, this Court held the legal construction of this clause of said article to be, that such an order shall be made when a new appointment is necessary. Under this interpretation of said article, the District Judge was of opinion that such an order could not be made in this case, because "no other matter outside of the right or authority under which the defendant holds the office in dispute can be enquired into, and the second branch is improperly

cumulated with the first."

In our opinion, the necessity for such an order is caused by the judgment against the defendant, which creates a vacancy; and by the 15th section of the City Charter, this vacancy is to be filled by the joint action of the Boards of Aldermen and Assistant Aldermen.

We cannot adopt the theory of the relator, that the ousting of the defendant by means of this proceeding inures to his benefit.

What might have been his rights, had he contested the election of defendant in accordance with law, we are not called on to say; but we are of the opinion, that having, as a candidate, acquiesced in the result of that election, we must, in these proceedings, consider him only as a citizen before us, seeking to have the law enforced against the incumbent, who is the Recorder de facto; and, under the provisions of the 870th Article of the Code of Practice, and the 15th section of the City Charter, notify the corporation of the necessity of a new appointment.

The law does not authorize us to declare the relator, under the circumstances, to be the choice of the people. Upon his own showing, he did not receive a majority of the votes cast, and but for some action, on the part of some one authorized, the present incumbent would have continued in the performance of the duties of the office, as the duly elected Recorder of the Second District of New Orleans.

It is therefore ordered that the judgment appealed from be set aside ; and it is now ordered, adjudged, and decreed, that there be judgment against the defendant, Arthur Gastinel, forbidding him to perform any longer the duties and functions of Recorder of the Second District of New Orleans, and that he pay the costs of these proceedings in the lower Court.

It is further ordered, that the city of New Orleans be notified to proceed, according to law, to elect a Recorder of said District ; the costs of appeal to be paid jointly by the relator and defendant.