# Deal v. Erie Coal & Coke Company, Appellant.

*Corporations—Corporate elections—Equity—Equity jurisdiction —Preliminary injunction—Appeals.*

1. A court of equity has jurisdiction to entertain a suit in equity to restrain the holding of a corporate election except under the supervision of the court, where the bill alleges that the defendants have by fraudulent means prevented the holding of a

fair and just election, and that if the stockholders' meeting is not controlled by the court, disorder, violence and possible bloodshed will occur.

2. Upon appeal from a decree granting or refusing a preliminary injunction, the Supreme Court will look only to see if there were apparently reasonable grounds for the action of the court below.

Argued Sept. 28, 1914. Appeal, No. 172, Oct. T., 1914, by defendant, from decree of C. P. Somerset Co., Equity Docket, 1914, No. 7, awarding an injunction in case of Levi Deal v. The Erie Coal & Coke Company, Perry C. Miller, E. M. Beachley, W. N. Moser and J. C. Reed, defendants. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before RUPPEL, P. J.

From the record it appeared that the material allegations of the bill which were supported by injunction affidavits were in substance that the plaintiff owned 450 shares of stock of the Erie Coal & Coke Company, a Pennsylvania corporation with a capital stock of $150,-000, divided into 1,500 shares of which there had been issued 1,340 shares. The annual meeting of said corporation for the year 1913 was held at Meyersdale on July 14, 1913, which meeting was adjourned until August 23, 1913, at which time the individual defendants named in the bill were elected directors.

That the plaintiff and those stockholders who were acting with him in said election held 680 shares upon which they were entitled to vote, and that the individual defendants who were then elected directors and those acting with them, though holding less than a majority of the issued stock, formed a majority of the stockholders present and were thus enabled to control the election of officers of the stockholders' meeting.

That the judges holding the election refused to permit the plaintiff to vote 160 shares of stock that he had purchased from W. A. Merrill and 90 shares of stock which had formerly belonged to Fred Rowe, one of the indi-

vidual defendants, and 20 shares that had formerly belonged to Grace Craft and Miss Lydia Beachley, then owned by him.

That this action of the election board in refusing him to vote his stock acquired from Merrill, Fred Rowe, Grace Craft and Lydia Beachley was without just consideration and fraudulent and was taken for the purpose of preventing the plaintiff and those acting in concert with him, as owners of the majority of the stock, from electing a majority of the board of directors then about to be elected and so control the policy of the corporation.

That after the meeting was organized, a majority of the stock of the corporation being present, and the election board having refused the plaintiff permission to vote 270 shares of stock, a majority of stock present withdrew from the meeting and that those remaining in the meeting, to wit: 480 shares, then proceeded to vote for a board of directors and elected the individual defendants as such board.

That an election of directors was to be held on July 13, 1914, for the ensuing year (1914-1915) and that the individual defendants and certain stockholders acting with them, by fraudulent means would prevent the holding of a fair and just election, and that unless said meeting should be controlled by the court, disorder, violence and possible bloodshed would occur.

The court awarded a preliminary injunction which was continued until final hearing restraining the defendants from holding the annual election for members of the board of directors.   Defendants appealed.

*Error assigned* was the decree of the court.

*John B. Greer*, with him *Thomas H. Greer; C. L. Shaver* and *J. A. Berkey*, for appellants.

*Chas. F. Uhl, Jr.*, and *C. W. Walker*, with them *Chas. H. Ealy*, and *Ross R. Scott*, for appellee.

PER CURIAM, October 26, 1914:

This appeal is from a decree granting a preliminary injunction to restrain the defendants until final hearing from holding a stockholders' meeting for the election of officers of a corporation. The court had jurisdiction to make the decree complained of, Tunis v. Railroad, 149 Pa. 70; Jenkins v. Baxter, 160 Pa. 199, and we are not convinced that its discretion was, under the facts, improperly exercised. Upon an appeal from a decree granting or refusing a preliminary injunction we look only to see if there were apparently reasonable grounds for the action of the court. If an appeal is taken from the final decree all questions involved will be open for consideration.

The appeal is dismissed.