ROGERS, J.
 

 Plaintiff instituted' this suit for the recovery of the purchase price of an
 
 *475
 
 assignment of an oil and gas lease covering certain property situated in tlie parish of Red river, this state. The defendants, impleaded in solido, were J. J. Hollingsworth, Mrs. A. A. Hollingsworth,
 
 W.
 
 R. Hollingsworth, O. W. Hollingsworth, Arnold Hollingsworth, and O. D. Henry.
 

 Plaintiff alleged: That on August 9, 1919, he purchased the assignment of lease in question from C. D. Henry and Arnold Hollingsworth for $38,000, hut that assignors had no interest in said lease, merely acting as intermediaries or dummies at the instance and request of J. J. Hollingsworth, who received $35,000 of the purchase price, the remaining $3,000 being paid to cover brokerage and commissions at his direction.
 

 That C. D. Henry and Arnold Hollingsworth had acquired said assignment from J. J. Hollingsworth on August 8, 1918, but that said assignment was simulated, no consideration having been paid therefor. .
 

 That J. J. Hollingsworth acquired the lease from Mrs. A. A. Hollingsworth, C. W. and W. R. Hollingsworth on June 20, 1919, and that this contract of lease was a simulation without consideration and merely constituted J. J. Hollingsworth as the agent and representative of the lessors.
 

 Plaintiff alleged the nullity of these transfers because at the time of the assignment to him there was an existing lease on said land in favor of the Standard Oil Company, which lease was well known to the defendants but was omitted from the abstract of title furnished plaintiff and upon the faith of which he had made his purchase; and that therefore he had been defrauded out of the said purchase price which he is entitled to recover with legal interest thereon.
 

 Mrs. A. A. Hollingsworth, J. J. Hollingsworth, W. R. Hollingsworth, and C. W. Hollingsworth each filed an exception of no cause of action. The exceptions were overruled as to Mrs. A. A. Hollingsworth and J. J. Hollingsworth, and sustained as to the other two exceptors.
 

 Mrs. A. A. Hollingsworth, in her answer, admitted the lease to J. J. Hollingsworth, but averred that it was executed in good faith and for the consideration stated therein. Defendant also admitted the prior lease to the Standard Oil Company, but averred that it was not an existing and valid lease at the time of her lease to J. J. Hollingsworth. She averred that she had' never received any part of the consideration paid by plaintiff to J. J. Hollingsworth for said assignment. Defendant denied the other allegations of the petition.
 

 J. J. Hollingsworth answered denying all the allegations of plaintiff’s petition except that he had assigned the lease to O. D. Henry and Arnold Hollingsworth, who in turn had assigned it to plaintiff. He especially denied that the assignment to G. D. Henry and Arnold Hollingsworth was simulated and fictitious, and that he was acting for any one but himself.
 

 Neither O. D. Henry nor Arnold Hollingsworth filed answers, and it appears that plaintiff’s demand as to them was abandoned.
 

 The court below rendered judgment for plaintiff and against J. J. Hollingsworth for $38,000, with legal interest thereon from August 9, 1919, until paid, and all costs of suit. Plaintiff’s demands against Mrs. A. A. Hollingsworth, C. D. Henry, and Arnold Hollingsworth were rejected. J. J. Hollingsworth devolutively appealed.
 

 Counsel for appellant earnestly and seriously contend that the exception of no cause of action filed on his behalf should have been sustained by the court below. The argument is made that the allegations of the petition show that Mrs. A. A. Hollingsworth was not the sole owner of the property, but that the title thereto was in C. W. and W. R. Hollingsworth as well as Mrs. Hollingsworth,
 
 *477
 
 and, therefore, Mrs. Hollingsworth not being the owner of the whole property, the lease by her to the Standard Oil Company did not create a valid servitude.
 

 On the trial of an exception of no cause of action the exhibits attached to and made part of the petition must be considered in connection with the allegations thereof. Attached to plaintiff’s petition are copies of the leases to the Standard Oil Company and to J. J. Hollingsworth. Mrs. A. A. Hollingsworth appears as the sole lessor in both leases. It is true the following indorsement appears on the lease to J. J. Hollingsworth, viz.: “I hereby ratify and approve the above and foregoing lease in so far as interest and (sic) concerned,” (signed) by “C. W. Hollingsworth” and “W. R. Hollingsworth.” We take it that this approval by the Messrs. Hollingsworth was appended to the lease merely to indicate that they were satisfied to have their mother execute the lease to their relative J. J. Hollingsworth. He doubtlessly procured this indorsement to forestall future inquiry and possible trouble on the part of C. W. and W. R. Hollingsworth. Certainly, if they were co-owners with their mother in the property the lessee would have required them to appear in the lease as lessors, agreeing to the stipulations and acknowledging the receipt of the consideration set forth in said instrument. Moreover, it may be safely assumed that the Standard Oil Company would not have accepted a valuable oil and gas lease from Mrs. Hollingsworth alone, if C.' W. and W. R. Hollingsworth were the owners of an undivided one-half interest in the property.
 

 But, beyond all this, defendant J. J. Hollingsworth is specifically and particularly charged with having committed the act by which plaintiff was defrauded and as being the one who received the money which resulted from said fraudulent act. It is immaterial, therefore, ’ whether Mrs. Hollingsworth was the sole or only a part owner of the leased property. If this defendant had not removed from the abstract the lease to the Standard Oil Company, plaintiff’s attorneys would have advised him of said lease, when it is certain that he would not have entered into the contract with J. J. Hollingsworth, paying over to him so large an amount as $38,000. He would have assumed, and correctly so, that whether the lease was good or bad, it would require a lawsuit with the Standard Oil Company to determine that issue, and as he was seeking to purchase an oil and gas lease and not a lawsuit, he would have declined to deal with J. J. Hollingsworth. That is the course a sane man would have pursued, and it is not suggested in the record that plaintiff was not possessed of normal intelligence.
 

 In oral argument on behalf of appellant it was suggested that there is nothing in the record to show that any formal judgment was rendered. We do not find any merit in the suggestion. The minutes of the district court, of date, July 24, 1920, show that, for the reasons assigned in a written opinion filed on said day, judgment was entered for plaintiff. At the end of these written reasons, which were signed by the judge, and filed the same day. appears the decree. On May 18, 1921, appellant, on showing that “he is aggrieved by the
 
 judgment rendered herein,
 
 and that said
 
 judgment
 
 is contrary to the law and the evidence,” etc. (writer’s italics), applied for and obtained a devolutive appeal; and in an agreement as to what facts are to be considered by this court, which agreement is signed by counsel representing the parties and filed in this court, it is shown that the judgment was read, rendered, and filed on July 24, 1920.
 

 Passing to a consideration of the merits, we find the facts to be, as found by the district judge, which are admitted to be cor
 
 *479
 
 rect, that Mrs. A. A. Hollingsworth is the owner of the land involved. In 1918 she leased it to the Standard Oil Company for oil and gas development and said lease is now in full force and effect.
 

 J. J. Hollingsworth, representing to Mrs. Hollingsworth, who is an elderly lady of limited business experience and a relative of his, that the lease to the Standard Oil Company was of no effect as it had not been complied with as to its terms and was obtained by misrepresentation, prevailed upon her to execute' him a top lease on said land.
 

 After obtaining this lease J. J. Hollingsworth came in contact through brokers with plaintiff, and entered into negotiations to assign him this so-called lease. Plaintiff, before accepting the assignment, demanded an abstract of title. This abstract was made by abstractors residing in Red River parish where the land is situated. When completed it was delivered by its makers to J. J. Hollingsworth who in turn delivered it to the attorneys employed by plaintiff to examine the same. The abstract, when given to J. J. Hollingsworth, contained the lease to the Standard Oil Company, but when it was delivered by him to plaintiff’s attorneys it failed to disclose said lease because the lease had been removed therefrom by Hollingsworth.
 

 On this showing plaintiff’s attorneys rendered a written opinion stating that the abstract disclosed the title to be valid, and plaintiff then accepted the assignment of the lease and paid to Hollingsworth the sum of $38,000.
 

 When plaintiff went down to take possession of the leased property he ascertained, for the first time, that the Standard Oil Company was operating the property under a previous lease. Plaintiff then demanded of Hollingsworth that he return the money, which he agreed to do, and then subsequently refused to make restitution.
 

 It is also shown by the evidence that Hollingsworth in the meantime visited the office of the abstractors at Cbushatta, and asked permission to examine the carbon copy of the abstract which was kept on file. He was granted this privilege, and, after his departure, it was .discovered that the carbon copy of the lease to the Standard Oil Company was missing.
 

 We agree with the district judge that the copy of the lease in the abstract was taken therefrom by J. J. Hollingsworth with the intention of defrauding the plaintiff, and that said act on his part did defraud plaintiff of $38,000, for which he received nothing, and for which said Hollingsworth should make restitution.
 

 For these reasons the judgment appealed from is affirmed.