## LARCHE v. DOUGHTIE et al.
### No. 4683.

Court of Appeal of Louisiana. Second Circuit.
March 29, 1934.

Sholars & Gunby, of Monroe, for appellant.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellees.

DREW, Judge.

On April 3, 1923, plaintiff herein purchased ten shares of preferred stock in the Doughtie Hotel Company, Limited, a Louisiana corporation. The stock certificate is as follows:

"Incorporated Under the Laws of Louisiana
"Number 5                    10 shares.
    "Doughtie Hotel Company, Limited.
        "Full Paid and Non-Assessable.
"Authorized Capital Stock: Preferred, $50,-000.00, Par Value $100.00; Common, 1,000 shares, Par Value $100.00.

"This certifies That L. N. Larche is the owner of Ten shares of the Preferred Capital Stock of the Doughtie Hotel Company, Limited, transferable only on the books of the Corporation by the holder hereof in person or by duly authorized attorney, upon surrender of this certificate, properly endorsed.

"The Preferred Stock shall entitle the holder thereof to receive out of the net earnings, and the Company shall be bound to pay a fixed cumulative dividend at the rate of ten per centum (10%) per annum, payable quarterly, one-half yearly, or yearly, as the Directors may from time to time determine, before any dividends shall be set apart or paid on the Common Stock, all dividends to begin to accrue when stock is issued.

"The holders of Preferred Stock shall, in case of liquidation or dissolution of the Company, be entitled to be paid in full, both the par value of their shares and the accumulated unpaid dividends charged, before any amount shall be paid to the holders of the Common Stock.

"Said Preferred Stock shall be subject to retirement at One Hundred and Two and 00/100 ($102.00) Dollars per share, and accumulated dividends unpaid at the time of

retirement, by the Company at any dividend paying period, at the option of the Company, upon notice being given by the Company, in writing, thirty (30) days prior to such date of payment of such stock dividend.

"Witness the Seal of the Corporation and the signatures of its duly authorized officers affixed this 3rd day of April, 1923.

"J. E. Doughtie,                    M. K. Doughtie,
"Secretary-Treasurer.           President.

"Shares $100 Each."

On the same date the following instrument was executed by J. E. Doughtie and M. K. Doughtie:

"State of Louisiana, Parish of Ouachita.

"This instrument witnesseth: that

"Whereas, L. N. Larche, of the City of Monroe, has subscribed for ten (10) shares of the Preferred Stock of Doughtie Hotel Company, Limited, of the par value of One Hundred ($100.00) Dollars each, and has paid the said subscription in cash;

"Now therefore, for and in consideration of the purchase of the said stock by said Larche and other good and valuable considerations, receipt of which are acknowledged, we, J. E. Doughtie and M. K. Doughtie, personally and individually, guarantee and warrant unto the said Larche the repayment of the said One Thousand ($1,000.00) Dollars, one (1) year after date hereof at the option of the said Larche upon his giving sixty (60) days prior notice of his intention and desire to retire said stock.

"This April 3, 1923.

"[Signed]   J. E. Doughtie
"M. K. Doughtie."

On April 23, 1933, more than ten years later, plaintiff herein filed this suit alleging the facts as above stated, and further alleged:

"4. Petitioner avers that, as part of the contract and agreement by which said shares of stock were purchased by him and in consideration thereof, the said J. E. Doughtie and Mrs. M. K. Doughtie personally and individually guaranteed and warranted unto petitioner the repurchase of said shares of stock from him and the repayment to him of the sum of $1,000.00 aforesaid at any time after April 3, 1924, at the option of petitioner and upon his giving 60 days' prior notice of his intention and desire to retire said stock, all as incorporated in a written agreement signed by said parties, copy of which is annexed hereto and made part hereof.

"5. Petitioner avers that the charter of said corporation authorizes it to retire the shares of preferred stock purchased by petitioner on any dividend date, recital of which is incorporated into and made part of the stock certificate delivered to and held by him; that he has tendered said stock certificate to and made demand upon the Doughtie Hotel Company, Limited, and the said J. E. Doughtie and Mrs. M. K. Doughtie for the retirement thereof and the repayment to him of the sum of $1,000.00 aforesaid, which tender and demand have been refused.

"6. Petitioner avers that on December 8th, 1932, he gave notice to the said J. E. Doughtie and Mrs. M. K. Doughtie in writing of his intention and desire to retire said stock and demanded of them payment of the sum of $1,000.00; all in accordance with the provisions of the contract and agreement therewith, hereinabove referred to; that more than 60 days have elapsed therefrom and that said parties have failed and refused to comply with their obligation, as aforesaid.

"7. Petitioner avers that he hereby tenders to the said J. E. Doughtie and Mrs. M. K. Doughtie his said Certificate No. 5, for 10 shares of the Preferred Stock of Doughtie Hotel Company, Ltd."

He attached to his petition a copy of the instrument executed by J. E. and M. K. Doughtie.

Defendants filed an exception of no cause or right of action. Plaintiff then filed a supplemental petition in which he alleged: "Petitioner avers that the contract of guaranty and warranty of April 3, 1923, annexed to his original petition, was executed by the parties thereto as a complement to the provision in said stock certificate above quoted for the purpose of enabling petitioner to retire the 10 shares of Preferred Stock for its par value at his option instead of leaving the retirement thereof solely at the option of the corporation, as provided in said certificate, which said contract of guaranty and warranty became operative and effective on and after one year after the date of its execution, and for such purpose constituted a personal obligation of the said J. E. Doughtie and M. K. Doughtie to your petitioner."

The exception of no cause or right of action was argued and submitted. The lower court sustained the exception and dismissed the suit. From this judgment plaintiff has prosecuted this appeal.

■ Although plaintiff contends that the instrument executed by J. E. and M. K. Doughtie guaranteed and warranted the repayment to him of the sum of $1,000 at any time after April 3, 1934, the instrument attached to the

petition does not so read. Where allegations of the petition conflict with documents attached to it, the documents attached control and correct the erroneous allegations as to what the documents contained. Ruiz v. American Trad. Co., 167 La. 28, 118 So. 597.

■ The exhibits attached to and made part of the petition must be considered on the trial of an exception of no cause or right of action. Henderson v. Hollingsworth, 157 La. 474, 102 So. 577.

■■ Plaintiff alleged, and it must be taken as true for the purpose of the trial of this exception, that J. E. and M. K. Doughtie owned nearly all of the common stock of the corporation, and were the only directors of the corporation. He therefore argues that the guaranty amounts to a guaranty of the corporation in that J. E. and M. K. Doughtie were in a position to force such action by the corporation. We think it immaterial whether the obligation was one of the corporation or of the individuals, J. E. and M. K. Doughtie. The contract is free from ambiguity. It specifically sets out that the repayment will be made one year after date at the option of plaintiff upon his signifying his intention to exercise his option sixty days prior thereto. It does not provide for the option to be exercised at any time after one year. If such had been the intention of the parties to the contract, they could very easily have made the contract so read. Where the term of the option is specifically fixed in the contract, failure on the part of the one granting the option to exercise it within the term is fatal to his right to exercise it thereafter.

"The officers of a corporation, ordinarily, may bind it on a contract or repurchase, but not so with promoters. Where the time is fixed for the repurchase in a jurisdiction where a contract of that character is binding, it is the duty of the stockholder to tender a return of the stock within the prescribed period and it is not enough for him to notify the corporation of his intention to make a future tender after the period has elapsed." Thompson on Corporations (3d Ed.) vol. 5, p. 964, citing the case of Olsen v. Northern S. S. Co., 70 Wash. 493, 127 P. 112, which is a case almost on all fours with the case at bar, and reviews many cases from other jurisdictions, all holding to the same result, which is set out in the syllabus as follows:

"Under a contract by a corporation providing that, if plaintiff should be discharged as an employee, the corporation would within six months after such discharge, at plaintiff's option, take back certain shares of the stock and repay plaintiff the par value thereof, he was bound, in order to avail himself of the option, to tender the stock within six months; giving of notice within that time of his election to return the stock being insufficient.

"Generally where the time within which an option shall be exercised is fixed by a contract, that time is of the essence of the contract, unless waived or performance within that time is prevented by the other party.

"Under a corporation's contract to repurchase its stock and repay the purchase price thereof, if redelivery should be tendered within a fixed period, the corporation's failure to answer a letter from a purchaser which merely offered to tender the stock did not constitute waiver of actual tender."

The time for exercising the option by plaintiff was definitely fixed in the contract of guaranty signed by J. E. and M. K. Doughtie, and plaintiff failed to exercise that option within the fixed time. He attempted to exercise it more than eight years after the expiration of the term in the contract.

Plaintiff is therefore without a cause or right of action, and the judgment of the lower court is affirmed, with costs.