PONDER, Justice.
 

 On January 25, 1939, George M. Cox, Inc., a Louisiana Corporation, domiciled in the City of New Orleans, instituted injunction proceedings against R. Lee Eddy, Mrs. T. A. Goertz and Joseph T. Goertz. The plaintiff's petition sets forth that George Cox is president and owner of a majority of the outstanding stock of the corporation; that the board of directors is composed of George M. Cox, Albert M. Fleming and Egan Lisso; that George M. Cox is the president and treasurer and Paul G. Tomlinson secretary of the corporation; that Mrs. T. A. Goertz Cox, the divorced wife of George M. Cox, was, until the 22nd day of July, 1938, secretary and treasurer of the corporation, but on that date was removed by the board of directors; that the defendants, R. Lee Eddy, Mrs. T. A. Goertz Cox and Joseph T. Goertz are illegally representing themselves to be the majority stockholders of the corporation-; that the defendants are unlawfully representing themr selves to be the directors of the corporation; that the defendants are unlawfully claiming themselves to be the officers of the corporation, viz: R. Lee Eddy, president— Joseph T. Goertz, vice-president — Mrs. T. A. Cox, secretary-treasurer; that before Mrs. Cox was removed as secretary-treasurer of the corporation she had possession of certain assets of the corporation. composed of stock owned by the corporation in the Premier Pabst Corporation; that the corporation is the owner of all the stock in the G. M. Cox Shipyard, Inc., except three shares; that the three shares of stock are owned, viz: G. M. Cox — one share, Mrs. Cox- — one share, and George Neo Pons-— one share; and that the three shares of stock were issued for the purpose of qualifying them as members of the board of directors of the corporation, which corporation is a subsidiary corporation to that of plaintiff corporation; that the defendants are unlawfully representing themselves to be the majority stockholders of the plaintiff corporation and are unlawfully attempting to run its affairs; that demand was made on Mrs. Cox at the time she was removed to deliver the assets owned by the plaintiff in her possession, among which was the stock in the Premier Pabst Corporation; that Mrs. Cox refused to comply with the demand; that the plaintiff instituted mandamus proceedings, seeking to compel Mrs. Cox to return these assets, in the Civil District Court for the Parish of Orleans, being Suit No. 227,389, entitled State ex re’l. George M. Cox, Inc. v. Mrs. Thelma Agnes Goertz Cox, divorced wife
 
 *805
 
 of George M. Cox, Sr.; that this suit is now pending in Division “E” of said court awaiting trial; that there is presently pending and in progress of trial Suit No. 204,-052, entitled Mrs. Thelma Agnes Cox v. George M. Cox, Sr., her husband, in the Civil District Court of Orleans before Division “C”; that upon the petition of George M. Cox for separation of the community of acquets and gains the dominant question is the ownership of 156 shares of stock of the plaintiff corporation, the determination of which will establish the majority holder of the stock of the petitioner; that, notwithstanding the pendency of the mandamus suit and the pendency of the suit for the division of the community property, the defendants are attempting to dispose of the assets of petitioner; that the defendants are seeking to have transferred to Mrs. Cox 1,020 shares of stock of Premier Pabst Corporation as a purported dividend of petitioner; that Mrs. Cox has brought a mandamus proceeding in the Circuit Court of Peoria County, 111., to have these shares of stock transferred to her name individually which proceeding is pending for hearing and trial; that the defendants are attempting to elect a board of directors for the corporation of G. M. Cox Shipyard, Inc.; that, unless prevented, the defendants will attempt to hold an illegal meeting of the board of directors of G. M. Cox Shipyard, Inc., and dispose of its assets; that petitioner is without adequate remedy at law for the protection of its rights; and that injunction should issue to protect the petitioner in the premises. The plaintiff asked in its prayer for a temporary restraining order restraining the defendants from interfering with the'management of the corporation’s affairs; that the defendants be prohibited from assuming the quality of officers and board of directors of the corporation; that the defendants be particularly enjoined from transferring and disposing of or attempting to transfer and dispose of the 1,020 shares of Premier Pabst Corporation stock; and that the defendants be enjoined from holding a meeting for the purpose of voting any share or shares of the capital stock of the George M. Cox Shipyard, Inc., particularly the 400 shares standing in petitioner’s name. In its prayer the plaintiff asks for a temporary restraining order, for the issuance of a rule nisi, and for a preliminary injunction. The lower court granted a temporary restraining order and issued a rule nisi.
 

 The defendants excepted to the petition on the grounds, (1) that the affidavit verifying it was not signed by an officer of the corporation, (2) that John E. Jackson and Baldwin J. Allen are not the attorneys for the corporation and are without authority to bring these proceedings because they were not authorized by the board of directors or officers of the corporation to bring the suit, and (3) that the petition does not set forth a cause or right of action.
 

 In answer to the petition the defendants deny that George M. Cox, Albert Fleming and Egan Lisso are the board of directors and officers of G. M. Cox, Inc. The defendants also, deny that Mrs. Cox was removed from the board of directors of the corporation. They allege that they, the defendants, are the board of directors and officers of the corporation. The de
 
 *807
 
 fendants admit disposing of some of the assets of G. M. Cox, Inc., and admit that the 1,020 shares of the Premier Pabst Corporation was endorsed and. delivered to Mrs. Cox, but claim that it was in pursuance to a dividend declaration for the purpose of avoiding the levy of confiscatory income taxes. The defendants claim to be the majority stockholders in both corporations, George M. Cox, Inc., and G. M. Cox Shipyard, Inc. The defendants allege that George M. Cox was ousted from the office of president and member of the board of directors of the corporation and they, defendants, as officers and members of the board of directors of the corporation instituted suit against George M. Cox for an accounting of the money taken and held by him, which suit is numbered 227,655 and entitled G. M. Cox, Inc., v. George M. Cox. The defendants admit the pendency of the mandamus suits and the suit for division of the community assets alleged in plaintiff's petition.
 

 The defendants in their prayer ask for the dismissal of plaintiff’s petition and in the alternative to be declared the officers and board of directors of George M. Cox, Inc., and, in the further alternative, that they be declared the de facto officers and directors of the corporation. They asked in their prayer that the temporary restraining order be set aside and for judgment refusing the preliminary injunction.
 

 The exceptions interposed by the defendants were overruled by the trial court. Upon trial of the rule the matter was submitted on the pleadings. The lower court rendered judgment enjoining the defendants individually and as directors and officers of the corporation from disposing of the .assets of George M. Cox, Inc., or G. M. Cox and more particularly the assets in the possession of Mrs. Cox or George M. Cox, Inc. The defendants were enjoined from holding a meeting of the stockholders of the G. M. Shipyard, Inc., and voting the 400 shares of George ,M. Cox, Inc. The preliminary injunction was issued until further orders of the court.
 

 We gather from the record and from the written reasons for judgment handed down by the lower court that this is one of a series of suits between George M. Cox and Mrs. Cox. It is apparent that Mrs. Cox is attempting to vote stock in the corporation, the ownership of
 
 which is now
 
 in controversy in the lower court. It is also apparent that Mrs. Cox is attempting to have certain stocks transferred to her name while a suit is pending for a division of the community involving the ownership of this stock. From the facts in this case, Mrs. Cox is endeavoring to obtain an advantage over George M. Cox through the instrumentality of the corporation. The record shows that all the alleged stockholders in G. M. Cox, Inc., except Mr. Cox and Mrs. Cox, are holders of a mere nominal amount of stock. The bulk of the stock is owned by Mr. Cox and Mrs. Cox. When the ownership of the 156 shares of stock is determined either George Cox or Mrs. T. A. Goertz Cox will hold the majority of the stock of the corporation. From the reasons given by the trial judge it appears that the lower court is becoming exasperated with the unreason
 
 *809
 
 able attitude of Mr. Cox and Mrs. Cox toward one another in effort to obtain an unfair advantage through the courts. The trial court in effect stated that a determination of the Cox litigation is one devoutly wished for and that the court is not concerned with the imperial whims nor the pusillanimous spite of either or any litigant.
 

 The court correctly overruled the exceptions advanced by the defendants. The affidavit verifying the petition is signed by George M. Cox as president. A cause of action is stated in the petition and under the provisions of Act 250, Sec. 35, Par. 7, of the year 1928, the president of a corporation has the right to institute the suit. For the purpose of this exception we have to take the facts pleaded in the petition as being true.
 

 The defendants strenuously contend that this is a suit to test title to office in a private corporation and that the proper remedy for such is a writ of' quo warranto. The defendants contend that neither injunction nor'mandamus are a proper remedy to test such title to office.
 

 If this suit was solely to test the title to the office there would be merit in the defendants’ contention. We recognize that the proper remedy to test title to office in a private corporation is by the writ of quo warranto. ' As we interpret the plaintiff’s petition the plaintiff is endeavoring to restrain the defendants from disposing of property, the ownership and control of which is presently in litigation in other suits now pending in the lower court. From the record, the ownership of the 156 shares of stock which is now being contested in a suit between Mr. Cox and Mrs. Cox will determine who is the majority stockholder of the corporation and vest control of the corporation in that stockholder as well as the control of the subsidiary corporation. The lower court stated that the suit of Mrs. Cox against her husband involves a division of the community of acquets and gains and touches the legality or illegality of acts performed by both plaintiff and defendants in this litigation and also all of the Cox Corporations. The lower court was of the opinion that it would have the right and power to control the issues which come before it for determination and that the utmost effort should be used to prevent a plaintiff or a defendant from obtaining an advantage over the other in advance of a decision to be rendered. From the record in this case and the reasons handed down by the trial court, it is apparent that this judgment should not be disturbed. The injunction merely holds the property in statu quo until the court can decide who owns the stock. Moreover, this Court is not familiar with the suits now pending in the lower court or the issues involved therein. Under the circumstances, we would feel a hesitancy in disturbing the judgment of the lower court and especially so since the injunction operates conservatively by merely holding the stock in statu quo until the ownership of it is determined.
 

 For the reasons assigned the judgment is affirmed. All cost to be paid by the appellants.