**STATE ex rel. MOSS et al. v. WILLIS et al.**

**No. 17219.**

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1939.

Rehearing Denied Jan. 9, 1940.

Writ of Certiorari Denied March 4, 1940.

H. W. & H. M. Robinson, of New Orleans, for appellants.

Rudolph F. Becker, Jr., and Clement F. Perschall, both of New Orleans, for appellees.

JANVIER, Judge.

This is a quo warranto proceeding. It it brought by three stockholders of Geddes & Moss Undertaking & Embalmers Company, Ltd. Its object is to have the relators declared the directors of the said corporation as the result of an election held Monday, June 20, 1938, and to have ousted from the Board of Directors three other stockholders, who, according to relators, have usurped the functions of directors.

In the District Court there was judgment in favor of relators declaring respondents "to be illegally holding and performing the functions of officers and directors * * *", and further decreeing and recognizing the relators as the lawful directors of said corporation. From this judgment respondents have appealed.

Only two questions worthy of consideration are raised by respondents. The first is whether or not, when we considered the stock ownership in this corporation, we in effect ordered the corporation to issue one share of stock more than was authorized, or whether we held that that share should be taken from the fifteen shares which Mrs. Willis claimed to control. The second is whether a quo warranto proceeding should be confined to cases of usurpa-

tion of office, or whether it should be extended so as to authorize inquiry into whether or not the right to vote has been usurped.

Considering the first question, of course we did not order the issuance of a certificate for more stock than the corporation was authorized to issue, and it is equally clear that, in holding that the Austin heirs had inherited one share of stock, we held that this share should be taken from the fifteen shares claimed by Mrs. Willis. See McWilliams et al. v. Geddes & Moss Undertaking & Embalming Co., Ltd., et al., La. App., 169 So. 894.

In his reasons for judgment in the matter which we are now considering, the District Judge has clearly set forth the facts and has shown conclusively that the relators were entitled to vote fifteen shares and that respondents should have voted only fourteen shares. These reasons are as follows:

"The plaintiffs apply for a writ of quo warranto. The issue here is the title to the office of directors of the Geddes & Moss Undertaking & Embalming Co. Ltd., a private corporation. The Honorable the Court of Appeal of the Parish of Orleans has held that the remedy here sought and the form of the proceedings taken, are legal and proper, and therefore, the only issue before this Court is a hearing on the merits.

"The allegations and the proof made by the plaintiffs agree with plastic adaptation. The Geddes & Moss corporation issued only thirty shares of stock. At the stockholders meeting held on June 20, 1938, which is the gravamen of the cause of action here, it is stated that the object of the meeting is to elect three directors. Mrs. Moss nominated Mrs. M. C. Moss, Clovis Coca, and W. R. Darensburg; Dr. Willis nominated Mrs. G. G. Willis, Dr. W. A. Willis and Jos. O. Misshore. The minutes state that both factions received fifteen votes. Thereupon, Mrs. Moss challenged the right of the Willis faction to vote fifteen shares of stock, on the grounds that in the original corporation there were only thirty shares of stock issued; that she owned thirteen shares, Clovis Coca, one share, and W. R. Darensburg, one share of stock; that Mrs. Geddes Willis inherited from her husband fourteen shares of stock, and that the remaining one share of the thirty shares was issued in the name of a man by the name of J. L. Austin. Further, that one-half of one share of stock issued by the corporation was owned by the heirs of the said J. L. Austin, and therefore, the balance of the stock to be voted by Mrs. Willis, Doctor Willis, and J. O. Misshore was only fourteen and a half shares. The protest of Mrs. Moss was then submitted to the meeting and it is announced in the minutes that the result of the vote was 15 shares in favor of the protest and 15 shares against the protest.

"There is no suggestion as to the right or title of any of the fifteen shares of stock voted at this meeting by the Moss faction.

"After Austin's death, Mrs. Austin transferred to Mrs. Willis the one share of stock held by Austin. The heirs of Austin, his children, instituted suit for the recovery of their father's share of stock. In a well considered opinion, the Honorable, the Court of Appeal held, in substance, that the Austin one share of stock in the corporation was community property and that, therefore, Mrs. Austin could transfer to Mrs. Willis only her community half, and that the remaining one-half of one share belonged to the heirs of Austin, the children of the marriage.

"It does appear, therefore, that the protest of Mrs. Moss was well taken and that the question of the ownership of this particular share of stock, the Austin share, was settled by Judicial authority.

"A number of exceptions and issues were raised by the defendants, but, if this Court knows what everybody knows, then this Court has knowledge of this fact;—that the binding effects of a thing adjudged are so conclusive that no subsequent findings could ever disturb it."

■ We next consider the second question raised by respondents,—that is, whether or not, in a quo warranto proceeding, we may investigate whether or not votes were illegally cast. We think that this question was answered in the affirmative by the Supreme Court in Reynolds et al. v. Baldwin, 1 La.Ann. 162, and in State ex rel. Staes v. Gastinel, 18 La.Ann. 517.

■ It is true that both of these cases involved public offices and not directorships or offices in private corporations, but it is now well settled that, in Louisiana, the writ of quo warranto is not limited to those cases in which public office is involved. See former decision of this court in this matter, 185 So. 46; also State ex rel. Palfrey v. Simms, La.App., 152 So. 395, and George M. Cox, Inc., v. Eddy, 192 La. 802, 189 So. 283.

Respondents also contend that, although it is alleged that all respondents claimed to be officers in the corporation, Mrs. Willis is the only one of them who is actually shown to be holding office. We deem this to be of no great importance since they are all charged as illegally holding office as directors and since the judgment recognizes that they are holding office as directors illegally.

A study of our earlier decision and of the above reasons of the District Judge make further discussion unnecessary. There must be an end to litigation.

The judgment appealed from is affirmed at the cost of appellants.

Affirmed.