194 So. 32

**LEIDENHEIMER et al. v. SCHUTTEN.**

No. 35600.

Feb. 5, 1940.

Dart & Dart, of New Orleans, for plaintiffs-appellants.

Cahn & Cahn, of New Orleans, for defendant-appellee.

HIGGINS, Justice.

Plaintiffs, claiming to be the duly elected and qualified officers and directors, respectively, of the G. H. Leidenheimer Baking Co., Ltd., a corporation organized and existing under the laws of this State, seek a preliminary writ of injunction against the defendant, who, they allege, has denied each of them the right to exercise the functions appertaining to their respective offices and has prevented them from performing their duties as such officers by unlawfully taking sole and exclusive charge of the business of the corporation and possession of its books, papers, accounts, etc.

· The defendant, in limine litis, excepted to this procedure on the ground that, upon the face of the plaintiffs' petition and the exhibits annexed thereto, consisting of certified copies of the minutes of the stockholders' and directors' meetings, it appears that the plaintiffs did not state a cause of action, as the proper remedy, if any, was a writ of quo warranto, which is the legal method of testing title to office in a private corporation.

The district judge maintained the exceptions and dismissed the plaintiffs' suit, reserving to them the right to assert their demands in appropriate proceedings. They appealed.

It is alleged in the petition that the plaintiffs, Mrs. Louise A. Leidenheimer and Mrs. Josephine L. Whann, were elected directors of the G. H. Leidenheimer Baking Co. Ltd., at a meeting of its stockholders on August 8, 1939; that at a meeting of the board of directors of the corporation on August 10, 1939, the plaintiffs, Mrs. Leidenheimer, Mrs. Whann and Robert J. Whann, respectively, were elected president, vice-president and secretary-treasurer, and assistant secretary-treasurer of the company; that Mrs. Leidenheimer and Mrs. Whann are the owners of fifty-one shares of the total of one hundred shares of the capital stock of the corporation outstanding; that the defendant has prevented the plaintiffs from exercising the functions of their respective offices; that he is in possession of the records and property of the corporation and is conducting the business thereof without reference to the plaintiffs and to their exclusion; and that they will suffer irreparable injury unless injunctive relief is granted to them, restraining:

and enjoining the defendant from denying them the right to perform the duties and functions of the respective offices which they claim.

It appears from the alleged minutes of the stockholders' meeting that the defendant was a stockholder and, at the time the meeting was held, was the president of the corporation; that the defendant at this meeting was unanimously elected as a director; that the defendant also claimed to have been elected as president, secretary-treasurer and general manager of the corporation; that a controversy existed over the election of officers and directors of the corporation; that prior to the stockholders' meetings, Mrs. Leidenheimer was the owner of twenty-six shares of stock and her daughter, Mrs. Whann, held twenty-five shares, or that they owned fifty-one shares of the stock of the corporation between them; that, at the same time, the defendant Schutten held twenty-five shares and his mother, Mrs. Julia C. Beals, owned twenty-four shares, or a total of forty-nine shares was held between them; that when the meeting opened, it was contended by Herbert Schutten, who held Mrs. Beals' proxy, that Mrs. Beals had purchased from Mrs. Whann one of her shares of stock and that she and not Mrs. Whann was entitled to vote this share; that Mrs. Whann challenged this contention and the chair ruled in favor of Mrs. Beals; that, reserving the objections, the stockholders then proceeded to vote for directors, both factions voting unanimously in favor of Mrs. Leidenheimer and the defendant Schutten for membership on the board of directors; that a contest arose over the election of the third director, and the Leidenheimer-Whann group, asserting the right to vote fifty-one shares, voted for Mrs. Whann, and the Beals-Schutten group, claiming to have purchased one of Mrs. Whann's shares, contended that they were entitled to vote fifty (50) shares and cast them for Mrs. Beals; that the chair ruled that fifty shares each had been cast for Mrs. Whann and for Mrs. Beals and therefore there was no election of a third director; and that to this ruling Mrs. Whann entered her objection.

The alleged minutes of the directors' meeting show that Mrs. Whann and Mrs. Leidenheimer, claiming to be the majority members of the board of directors, called a meeting of the board; that the defendant protested Mrs. Whann's right to participate in the meeting as a director and upon being overruled, reserved his objection; that Mrs. Whann and Mrs. Leidenheimer then proceeded to elect themselves to all of the offices of the corporation and to appoint the third plaintiff, Robert J. Whann, as assistant secretary-treasurer of the corporation, over the objection of the defendant.

It is elementary that upon the trial of an exception of no cause of action, the exhibits attached to and made a part of the petition must be considered in connection with the allegations thereof. Henderson v. Hollingsworth, 157 La. 474, 102 So. 577.

When the allegations of the petition are read in connection with the facts set forth in the minutes of the meetings, as above outlined, it clearly appears that this case

involves solely a contest over the title to the offices in a private corporation.

The merits of the case are not before us and the sole procedural issue is whether or not the plaintiffs have the right to test the title to the offices of a private corporation by a writ of injunction.

The law is well-settled that a writ of quo warranto is the proper remedy to test title to office in a private corporation and that the question of title to such office cannot be determined by writ of injunction. State ex rel. Palfrey et al. v. Simms et al., La.App., 152 So. 395; C.P. Arts. 868, 869; State ex rel. Moss et al. v. Willis et al., La. App., 185 So. 46.

Learned counsel for the plaintiffs have referred us to the case of George M. Cox, Inc., v. Eddy et al., 192 La. 802, 189 So. 283, 285. In that case an injunction was sought by the corporation to prohibit the defendants from acting as officers and directors of the corporation, to restrain them from disposing of certain stock belonging to the corporation, and to enjoin them from holding a meeting for the purpose of voting the shares in another corporation standing in the name of the plaintiff company. In deciding the issue presented, we stated:

"The defendants strenuously contend that this is a suit to test title to office in a private corporation and that the proper remedy for such is a writ of quo warranto. The defendants contend that neither injunction nor mandamus are a proper remedy to test such title to office.

"If this suit was solely to test the title to the office there would be merit in the defendants' contention. We recognize that the proper remedy to test title to office in a private corporation is by the writ of quo warranto. As we interpret the plaintiff's petition the plaintiff is endeavoring to restrain the defendants from disposing of property, the ownership and control of which is presently in litigation in other suits now pending in the lower court. * * *

"Under the circumstances, we would feel a hesitancy in disturbing the judgment of the lower court and especially so since the injunction operates conservatively by merely holding the stock in statu quo until the ownership of it is determined."

It is obvious from the language of the opinion that the gravamen of the issue before the court in the above case was not the title to office in the corporation but the disposition of certain stock belonging to the company which was attempted to be transferred to one of the defendants, as appears from our statement that an injunction merely holds the property in status quo until the court can determine who owns the stock.

In the case before us there is not the slightest suggestion that the defendant is attempting any disposition of the corporation's property, nor that he proposes to commit any act injurious to the corporation or to the stockholders. The sole issue is the title to the offices adversely claimed by the plaintiffs and the defendant. Thus, as it appears that a complete, adequate, and specific remedy at law is available to the plaintiffs on their asserted cause of action, it is axiomatic that there are no grounds

for injunctive relief, an equitable remedy. Minden Syrup Co. v. Applegate, La.App., 150 So. 421; 32 C.J. 119.

Counsel for the plaintiffs has also referred us to four other decisions of this Court in support of his contention that plaintiffs are entitled to injunctive relief, to-wit, Terry v. Stauffer, 17 La.Ann. 306; State ex rel. Fortier v. Capdevielle, 104 La. 561, 29 So. 215; State ex rel. Duffy v. Goff, 135 La. 335, 65 So. 481; and State ex rel. Loeb v. Jordan, 149 La. 312, 89 So. 15. None of these cases supports the plaintiffs' position, as is shown by the language of each opinion.

For the reasons assigned, the judgment is affirmed at the appellants' costs.