Gustave C. Chapital obtained a preliminary injunction prohibiting the Supreme Industrial Life Insurance Company from holding its annual meeting fixed for January 7th, 1947, or any other stockholders meeting until further orders of the Court. The insurance company has appealed.
The allegations of Chapital's petition are to the effect that he is a stockholder in the Supreme Industrial Life Insurance Company to the extent of 166 2/3 shares and that on the 15th of September, 1944, Paul Hartman, who owned a like number of shares of the capital stock, notified the corporation that he desired to sell his shares in accordance with Art. 4 of the Charter to the effect that "none of said stock shall be hereafter sold or transferred to any person already, or not already, a stockholder in this corporation, without first being offered, at not more than its book value, to the stockholders of the corporation"; that Chapital entered into an agreement with Frank J. Walker, Lucien B. Alexis and Dr. Raleigh J. Coker, whereby the Hartman stock was to be bought for the joint account of the four individuals, Chapital's share being 41 2/3 shares; that the stock was acquired by Coker pursuant to this agreement, and that Coker declined to transfer to Chapital his share of the stock, with the result that Chapital's stockholdings were disproportionate to the other three, so that the others would be enabled to remove him or his wife, Velma J. Smith Chapital, from the Board of Directors. He further alleges that unless the corporation is restrained from holding its annual meeting he will suffer irreparable injury.
The sole issue before us is the propriety of the issuance of the preliminary injunction to restrain the corporation from holding its annual meeting upon the ground set forth in the petition.
[1] In the first place, we observe that injunction, though an equitable, is a harsh remedy and is only available to those whose interests cannot be protected by the ordinary processes of law.
The situation alleged by Chapital, though not so denominated in, his petition, amounts to a charge of bad faith or fraud on the part of three other directors in order to obtain an advantage over Chapital. The question is whether the remedy which Chapital seeks is appropriate to the relief he seeks.
There are instances in which a corporation will be enjoined from holding an annual meeting of stockholders as, for example, such as the prevention of fraud or violence or unlawful conduct on the part of stockholders, which would prevent a fair and honest election of officers. Jenkins v. Baxter, 160 Pa. 199, 28 A. 682; Tunis v. Hestonville, M. F. Pass. R. Co., 149 Pa. 70, 24 A. 88, 15 L.R.A. 665; Deal v. Erie Coal Coke Co., 246 Pa. 552, 92 A. 701, 702.
[2] These cases are criticized by opposing counsel as extreme and our attention is called to Leidenheimer v. Schutten,194 La. 598, 599, 194 So. 32, and Cox v. Eddy, 192 La. 802,189 So. 283. Without discussing the holdings in these cases it is sufficient to observe that there was a finding of irreparable injury which the injunction was granted to obviate. Here, the injunction prohibits the holding of the stockholders' meeting at the instance of one of the stockholders, who complains of bad faith on the part of three other stockholders in the carrying out of an agreement for the purchase of another stockholder's interest. If Chapital had requested an injunction impounding the 166 2/3 shares and preventing any of the other three parties to the agreement from voting their share of the stock until his right to purchase a part of it could have been ascertained, a different question would have been presented, but so far as we can see there is no reason to prevent the orderly functioning of a corporation, such as the holding of its annual meeting and the election of officers because of a contest or quarrel between individual stockholders concerning *Page 152 
the purchase of certain shares of another stockholder.
We express no opinion on the merits of the controversy since they have not been determined below. We are only concerned with the propriety of the issuance of the injunction. In our opinion it should not have been granted, consequently, and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that the preliminary injunction granted on January 14th, 1947, restraining the Supreme Industrial Life Insurance Company from holding its annual meeting be and it is hereby dissolved; and it is further ordered that this cause be remanded to the Civil District Court for further proceedings not inconsistent with the views herein expressed.
Reversed and remanded.
Writ of preliminary injunction dissolved.