584 So.2d 1199 (1991)
Claude W. SMITH, Chief of Police, Plaintiff-Appellant,
v.
TOWN OF COTTON VALLEY, Louisiana, Defendant-Appellee.
No. 22568-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1991.
Writ Denied November 15, 1991.
Sanford & Lilly by Roy M. Lilly, Jr., Minden, for plaintiff-appellant.
*1200 Foster & Foster by Mark O. Foster, Minden, for defendant-appellee.
Before NORRIS, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
Claude W. Smith, the police chief of Cotton Valley, Louisiana, sought a declaratory judgment contending that the action of the Cotton Valley Board of Aldermen in reducing his salary from $850 per month to $650 per month was invalid. The plaintiff now appeals from a trial court judgment approving the reduction of his salary. For the following reasons, we affirm.

FACTS
The salary of the police chief of Cotton Valley was fixed by Ordinance # 173 (adopted in 1976) at $650 per month. On December 13, 1983, at a regular meeting of the Board of Aldermen, the mayor and the board approved a motion to set the monthly salary at $800. On that same day, Mr. Smith was appointed chief of police to complete an unexpired term. At a special meeting on June 15, 1984, the board approved a motion to give the police chief a pay raise of $50 per month (or a total monthly salary of $850).
At a regular meeting on April 12, 1988, due to decreasing revenues, a motion was passed reducing the police chief's salary back to the original monthly sum of $650 which had been established in Ordinance # 173. At a regular meeting on June 14, 1988, the council approved a motion to propose an ordinance for all town employees on base pay rates. The motion also included the proposed ordinance reducing the police chief's salary and specified that it be published at least once in the official journal and be voted on at a special meeting on June 23, 1988.
On June 22, 1988, an announcement of the special meeting and the text of the proposed ordinance were published in the Springhill Press and News Journal. On June 23, 1988, Ordinance # 223 was approved at the special meeting. This ordinance provided that the police chief's salary was set at $650 per month, but that it would "not take effect for the term for which [the chief of police] is presently serving, but to become effective on July 1, 1988, or beginning of subsequent term."
Mr. Smith had been elected police chief in April of 1984 and was subsequently reelected in April of 1988. His most recent term of office commenced on July 1, 1988. He apparently received the higher rate of $850 per month for the pay period of July 1-15, but thereafter began receiving the lower rate of $650 per month.
On August 30, 1988, Mr. Smith filed a suit for declaratory judgment. He contended that Ordinance # 223 of 1988 was invalid because it failed to comply with several statutory requirements. The town of Cotton Valley answered and reconvened, seeking a declaratory judgment invalidating the 1983 resolution that increased the police chief's salary. In a supplemental and amending petition, Mr. Smith alleged that his salary reduction was part of an organized attempt by the mayor and the board to usurp his authority as police chief.
The town filed exceptions of vagueness, no cause of action, and no right of action as to the amending petition and a motion for summary judgment. The trial court denied the exceptions and the motion. The town sought supervisory writs from this court, which were denied on October 26, 1989.
Trial was held on April 19, 1990. The parties entered into certain stipulations concerning admissibility of evidence and the manner in which the police department was to be run. Testimony was given by the plaintiff; James Holtzclaw, the mayor of Cotton Valley; Melinda Baker, the present town clerk of Cotton Valley; Geneva Jackson, a former member of the board of aldermen; and Ken Gray, also a former alderman and a friend of the plaintiff.
Following the trial, the trial court issued a written opinion. The court found that Ordinance # 223 was invalid because of the town's failure to properly publish the ordinance following its adoption, as required by LSA-R.S. 33:406(D)(2). Due to this deficiency, the ordinance had not taken effect under LSA-R.S. 33:406(E).
*1201 However, the trial court found that the invalidity of the ordinance was not dispositive of the case. It also held that the 1983 and 1984 resolutions, which increased the police chief's salary, were invalid because a salary fixed by ordinance could only be amended by ordinance. Consequently, the trial court found that the police chief's salary remained at $650 per month. Furthermore, the trial court stated that assuming arguendo that the 1983 and 1984 motions were valid to increase the salary, the 1988 motion would likewise be valid to reduce the salary.
Thereafter, in accordance with its written reasons, the trial court signed a judgment declaring Ordinance # 223 and the 1983 and 1984 resolutions invalid. The plaintiff appealed.
The plaintiff assigned as error the trial court's failure to hold that LSA-R.S. 33:404.1 prohibited a reduction of his salary "during the term for which he is elected," and the trial court's holding that prior to 1987 a salary fixed by ordinance could not be increased by resolution.

EFFECTIVE DATE FOR SALARY REDUCTION
The plaintiff contends that under LSA-R.S. 33:404.1 the board was without authority to reduce his compensation as chief of police after his reelection to another term of office.
R.S. 33:404.1 provides:
The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease the compensation of any nonelected municipal officer and to increase the compensation of elected officials except as otherwise provided by R.S. 33:405(G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected. [Emphasis ours.]
The legislature amended the statute to its present form by Acts 1986, No. 1076, which became effective on January 1, 1987.[1] The statute complies with Article VI, Section 12 of the Louisiana Constitution of 1974 which provides, in pertinent part, "Compensation of a local official shall not be reduced during the term for which he is elected."
We are unaware of, and counsel has not cited, any cases in the jurisprudence interpreting the phrase "during the term for which he is elected." Clearly, the statute seeks to prevent the board of aldermen from reducing the police chief's salary during the term he is serving at the time of the board's vote. Plaintiff argues that the statute also seeks to prevent a reduction which was enacted between the police chief's reelection and the commencement of his new term of office, even though the reduction does not become effective until the beginning of the new term.
We interpret the mandate against compensation reduction "during the term for which [an elected official] is elected" as not including the present situation. In the present case, compensation reduction became effective at the beginning of plaintiff's next term, a term for which the plaintiff had been elected, but which he was not then serving. The statute specifies that the reduction shall not occur "during the term for which he is elected." Here, the reduction did not occur during the term plaintiff was serving, but was set to occur at the beginning of the next term. The obvious meaning of the prohibition against salary reduction is to prevent a vindictive board of aldermen from punishing an elected official by reducing his salary during the term he is presently serving. An elected official who has been elected but has not yet taken office may choose to decline acceptance *1202 of the office if the compensation is lowered to a level which, while reasonable, is beneath his expectations.[2] Although the result reached in this case may be perceived as unfair to the chief of police, the statute is clear. Any necessity for change addresses itself to the sound discretion of the legislature for future amendment of the statute.
This assignment of error is without merit.

VALIDITY OF ORDINANCECOMPLIANCE WITH STATUTORY REQUIREMENTS FOR PASSAGE
The plaintiff also contends that Ordinance # 223 of 1988 is invalid because the board failed to comply with certain statutory provisions incident to its passage. However, inasmuch as the trial court invalidated the ordinance because of the defendant's failure to comply with the statutory requirement for post-adoption publication of the ordinance (a finding not challenged by the defendant), we find consideration of this assignment unnecessary.

NECESSITY OF ORDINANCE
The plaintiff also argues that the trial court erred in holding that prior to 1987 a salary fixed by ordinance could not be increased by resolution.
In support of its ruling, the trial court relied upon 62 CJS Municipal Corporations § 434(d)(1), which provides as follows:
It is a rule of general application that the power to amend ordinances and bylaws is to be exercised in the same mode as is the power to enact. Accordingly it has been held that an ordinance or bylaw cannot be amended by order, resolution, or motion, but only by another ordinance or bylaw enacted with the same formality as the original.... [Footnotes omitted.]
As amply demonstrated by the numerous cases cited in the footnotes of this section of Corpus Juris Secundum, this rule of law has been accepted throughout the United States as "hornbook law."
Louisiana has applied this rule of law. In State ex rel. Loeb v. Jordan, 149 La. 312, 89 So. 15 (1921), the Supreme Court held that the mayor and the board of aldermen had no right to suspend an ordinance by a "mere resolution."
However, plaintiff relies on Sylvestre v. St. Landry Parish School Board, 164 La. 204, 113 So. 818 (1927). In Sylvestre, the Supreme Court confronted a situation wherein a school board created a school district by ordinance. After a bond election failed to carry, the school board moved to repeal that ordinance and subsequently passed another ordinance creating a school district which encompassed most of the same area as the previous one. Parties seeking annulment of the second ordinance claimed that the first ordinance could not be repealed by "a mere motion," but only by another ordinance. The court stated as follows:
When the law requires that in certain matters public corporations shall proceed by ordinance and requires ordinances to be enacted with certain formalities and procedure, an ordinance, of course, is necessary to accomplish the purpose intended, and when once adopted it may be repealed only by an ordinance.... Where, however, a public corporation is given power to legislate in regard to a particular subject-matter, and the law is silent as to the mode in which the power shall be exercised, an enactment by the public corporation is valid whether it is in the form of an ordinance or resolution, even if the enactment is of a permanent nature. It is only when the law provides that certain subjects shall be governed by ordinance and that certain formalities *1203 shall be requisite to the enactment of an ordinance that it is proper for the courts to set aside the vote of the governing body of a public corporation upon the ground that the enactment was a resolution when it should have been an ordinance.... There is no substantial difference between a motion and a resolution.... [Citations omitted.]
The court went on to find that the law did not dictate any particular formality to the school board for creating school districts or adopting ordinances. However, the court found that the motion had been published as an ordinance and held the fact that the will of the school board was "couched in the language of a motion" instead of an ordinance to be immaterial. Therefore, the court found that the first ordinance was properly repealed.[3]
We find that the facts of Sylvestre are distinguishable from those of the present case. The measure taken by the school board there to repeal the first ordinance, which the Supreme Court labeled a "so-called motion," was apparently treated like a de facto ordinance and was published as an ordinance. Consequently, any language implying that a motion or resolution could repeal or amend an ordinance was dicta.
Inasmuch as a resolution cannot amend an ordinance, the 1983 and 1984 resolutions did not validly repeal, modify or amend the 1976 ordinance. Consequently, the salary of $650 per month established in Ordinance # 173 is still in effect.
This assignment of error is without merit.

CONCLUSION
The judgment of the trial court is affirmed. Costs are assessed against the plaintiff-appellant.
AFFIRMED.
NOTES
[1] Previously, the statute dealt only with the compensation of the mayor. Prior to the amendment of R.S. 33:404.1 in 1987, the compensation of the chief of police was regulated under the provisions of R.S. 33:401(A)(30), which empowered the mayor and the board of aldermen "to ... fix the compensation of all [municipal] officers...." (This statute was repealed effective January 1, 1986.)
[2] A person holding an office created by statute (such as a police chief) is entitled to receive reasonable compensation. A municipal council is prohibited from fixing a salary so low that a competent person cannot afford to accept that office. A person who, in his announcement as a candidate for an office, agrees to accept a salary too small to afford him a comfortable living and to adequately perform the duties of the office is not estopped from claiming and receiving a reasonable salary after his election. State ex rel. Bass v. Mayor and Board of Alderman of City of Oakdale, 204 La. 940, 16 So.2d 527 (1944).
[3] In Merchant v. Fuselier, 365 So.2d 854 (La. App. 3rd Cir.1978), writ refused 368 So.2d 137 (La.1979), the court stated, "A public corporation can act by ordinance or resolution. There is no substantial difference between the two. Sylvestre v. St. Landry Parish School Board. [Citation omitted]." This is a misstatement. The Sylvestre court actually stated, as quoted previously, that there was "no substantial difference between a motion and a resolution."