Dear Mr. Andrus:
This office is in receipt of your request for an opinion of the Attorney General in regard to the salary for an elected Chief of Police in accordance with R.S. 33:404.1. You indicate the governing authority feel they can decrease or increase the salary of an elected Chief of Police for the succeeding term whether it be for a newly elected chief of police or the incumbent, if reelected. They take the position that the statutory prohibition of reduction of compensation of any elected official is applicable only to the term for which he was elected, but a reduction is authorized for subsequent terms.
Smith v. Town of Cotton Valley, 584 So.2d 1199 (La.App. 1991), cert denied, 589 So. d 1055, involved interpretation of R.S.33:404.1 under a factual situation similar to the question presented. The court observed that the provision in the statute that "compensation of a local official shall not be reduced during the term for which he is elected" did not prohibit the board of aldermen from reducing the police chief's salary for the term for which he had not yet begun to serve even though the board's action was taken after the police chief had already been reelected for the subsequent term but had not yet taken office on the newly elected term. The court simply stated he was free to decline the office on the ground the salary was too low.
Thus, we must conclude that the interpretation of the governing authority of the R.S. 33:404.1 that they can decrease the salary of an elected Chief of Police for the succeeding term whether newly elected or re-elected is correct.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR