Dear Chief Lewis:
This office is in receipt of your request for an opinion in which you question whether the Board of Aldermen may decrease the salary of a newly elected chief of police. We first note that the Village of Epps is a Lawrason Act municipality, governed by the provisions of LSA-R.S. 33:321,et seq. LSA-R.S. 33:404.1 addresses the compensation of municipal officers and provides:
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease the compensation of any nonelected municipal officer and to increase the compensation of elected officials except as otherwise provided by LSA-R.S. 33:405(G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected. (Emphasis added).
Interpreting the statute quoted above, an appellate court has stated the following:
 The obvious meaning of the prohibition against salary reduction is to prevent a vindictive board of aldermen from punishing an elected official by reducing his salary during the term he is presently serving. An elected official who has been elected but has not yet taken office may choose to decline acceptance of the office if the compensation is lowered to a level which, while reasonable, is beneath his expectations. Smith v. Town of Cotton Valley, 584 So.2d 1199
(La.App. 2nd Cir. 1991), at page 1201.
The statutory prohibition of reduction of compensation is applicable only to the term for which he is elected, but a reduction is authorized for subsequent terms. The statute is in compliance with Article VI, Section 12 of the Louisiana Constitution of 1974, which provides, in pertinent part, that "compensation of a local official shall not be reduced during the term for which he is elected."
In response to your second question, LSA-R.S. 33:423 outlines the duties of a chief of police in a Lawrason Act municipality, and provides in part:
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotions of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless or race, color, or creed."
Citing LSA-R.S. 33:423, this office has concluded that the chief of police has general supervisory power over the police department, which includes the scheduling of the workshifts of all members of the police department. However, although he is not required to establish certain "working hours", it continues to be the opinion of this office that the chief of police is an elected official who should serve on a full-time basis. See attached Attorney General Opinions 87-696 and 90-316.
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Honorable Robert W. Lewis Chief of Police Village of Epps P.O. Box 230 Epps, La 71237
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL