Dear Mr. Lewis:
This office is in receipt of your request for an opinion of the Attorney General in regard to reduction of the salary of an elected official in a Lawrason Act Community. You state you would like an opinion on the salary of the Chief of Police being lowered after he qualifies for that office. As I understand from our recent telephone conversation you have been elected Chief of Police for the Village of Epps, and the Mayor is seeking to reduce the salary for that position for the coming term for which you were elected, but have not yet begun to serve. You ask if the salary can be reduced.
R.S. 33:404.1 provides as follows:
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease the compensation of any non elected municipal officer and to increase the compensation of elected officials except as otherwise provided by LSA-R.S. 33:405(G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected.
A similar inquiry was answered by this office in Atty. Gen. Op. Nos. 95-13 and 93-610 with reliance upon Smith v. Town of CottonValley, 584 So.2d 1199 (La.App. 1991), cert. denied,589 So.2d 1057 (1991). That case controls our response to your inquiry where, in interpreting R.S. 33:404.1, the court concluded as follows:
 The obvious meaning of the prohibition against salary reduction is to prevent a vindictive board from punishing an elected official by reducing his salary during the term he is presently serving. An elected official who has been elected but has not yet taken office may choose to decline acceptance of the office if the compensation is lowered to a level which, while reasonable, is beneath his expectations.
Citing Smith v. Town of Cotton Valley, supra, as authority for its conclusion, this office stated in Atty. Gen. Op. 93-610 as follows:
 Thus, we must conclude that the interpretation of the governing authority of R.S. 33:404.1 that they can decrease the salary of an elected Chief of Police for the succeeding term whether newly elected or re-elected is correct.
However, in your request you state that the Mayor has said he was going to lower the set salary for the Chief of Police for the next term. As reflected in R.S. 33:404.1 the compensation of the chief of police is not set by the Mayor but by ordinance by the board of aldermen. While the Mayor may veto an ordinance, it will be reconsidered by the aldermen and they may override the veto in accordance with R.S. 33:406(C)(3). Therefore, the Mayor alone cannot lower the salary of the Chief of Police.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR