Dear Mayor Davis:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 1) Whether the Chief of Police — Elect, who is totally disabled, can hold the position of Chief of Police?
 2) Whether the Chief of Police must draw a salary?
 3) Whether the Chief of Police can recommend an Assistant Chief of Police to the Mayor and Board of Aldermen?
Your first question is governed by La. R.S. 33:385.1 which states in pertinent part:
 An elected chief of police of a municipality shall be an elector of the municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the preceding year in the municipality . . . .
This provision does not disallow a disabled person from holding the office of chief of police. Therefore, if the chief of police-elect meets the other criteria and is elected, he can hold that office.
Whether or not the chief of police must draw a salary is governed by La. R.S. 33:404.1 which states:
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected. (Emphasis added).
A reading of this statute reveals that the board of aldermen may not decrease the salary of any municipal officer, which includes the chief of police, during the term of office for which he is elected. However, if the chief of police requests that his salary be reduced or eliminated, this could be accomplished by the board of aldermen passing an ordinance prior to the chief of police-elect taking office, Smith v. Town of Cotton Valley,584 So.2d 1199 (La.App. 2 Cir. 1991). Otherwise, the chief of police must be paid a salary.
In answer to your third question, La. R.S. 33:423, 33:362, and33:404 are controlling. These statutes state in pertinent part:
 § 423. Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
 § 362. Exercise of municipal powers; legislative, executive
 (3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.
 § 404. Duties of mayor
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of sate law; however, no such ordinance may limit the authority granted to the mayor by this paragraph. All administrative staff shall be subordinate to the mayor.
Accordingly, the actual appointment and dismissal power of police personnel is vested in the mayor and board of aldermen, however, this power is contingent upon the recommendation made by the chief of police.
Also, note that La. R.S. 33:423 imposes duties on the chief of police by stating:
 He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. . . .
Therefore, the chief of police has affirmative duties which are mandated by state statute. If the chief of police intentionally refuses or fails to perform duties required of him, he may be committing malfeasance in office in violation of La. R.S. 14:134. This statute is as follows:
 § 134. Malfeasance in office
 Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
 Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
 Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
The chief of police should be aware that while he may delegate some duties to an assistant, this delegation does not relieve him of carrying out the duties required in La. R.S. 33:423.
We trust this answers your questions; however, if you have any further questions do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ FRANCES E. JONES ASSISTANT ATTORNEY GENERAL
RPI/FEJ/sc
DATE RECEIVED: 05/20/98BR
DATE RECEIVED: 06/03/98SH
DATE RELEASED:
FRANCES E. JONESASSISTANT ATTORNEY GENERAL