Dear Chief Berthelot:
You state in your opinion request of recent date that the town council governing the Town of Brusly is attempting to pass an ordinance reducing the Mayor's salary from $21,000 to $10,000 annually, and the Chief of Police's salary from $28,000 to $14,000 annually.
The Town of Brusly is a Lawrason Act municipality and is governed by the provision of LSA-R.S. 33:321, et seq. In particular relevance to your question is LSA-R.S. 33:404.1, providing:
§ 404.1 Compensation of municipal officers
The board of aldermen shall by ordinance fix thecompensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease thecompensation of any nonelected municipal officer and to increase the compensation of elected officials except as otherwise provided by LSA-R.S. 33:405(G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected. (Emphasis added).
Of further import is the constitutional protection afforded by LSA-Const. Art. 6 § 12 (1974) providing:
§ 12 Local Officials; Compensation
Section 12. The compensation or method of fixing thecompensation of an *Page 2 
elected official of any local governmental subdivision which operates under a home rule charter or plan of government, as provided in Sections 4 and 5 of this Article, shall be provided in its charter. The compensation or method of fixing thecompensation of an elected official of any other local governmental subdivision shall be provided by law. Compensation
of a local official shall not be reduced during the term for which he is elected. (Emphasis added).
The statutory prohibition of reduction of compensation of any elected official is applicable only to the term for which he is elected, but a reduction is authorized for subsequent terms.
In the case of Smith vs. Town of Cotton Valley, 584 So.2d 1199
(La.App. 2nd Cir. 1991), writ den., 589 So.2d 1057 (La. 1991) the court, interpreting LSA-R.S. 33:404.1 as applicable to the reduction of an elected chief of police's salary, noted the following:
The statute specifies that the reduction shall not occur "during the term for which he is elected." Here, the reduction did not occur during the term plaintiff was serving, but was set to occur at the beginning of the next term. The obvious meaning of the prohibition against salary reduction is to prevent a vindictive board of aldermen from punishing an elected official by reducing his salary during the term he is presently serving. An elected official who has been elected but has not yet takenoffice may choose to decline acceptance of the office if thecompensation is lowered to a level which, while reasonable, is beneath his expectations. Smith, supra, at page 1201.
Following the holding of Smith, supra, as we are required to do, we conclude that the Town of Brusly may not decrease either the Mayor nor the elected Chief of Police's salary during the current term for which these individuals serve. In accord are Attorney General Opinions 93-610, 93-291, 93-570, 93-608, 90-490, 90-589, copies of which are attached.
Concerning your inquiry regarding the status of working hours of an elected chief of police, note that this office
concluded in Attorney General Opinion 95-13 that, although an elected chief of police is not required to establish certain "working hours", that he should serve on a full-time basis. Whether or not the chief of police may concurrently hold a separate job is determined by the nature of the second position and whether or not the concurrent holding of the positions would be prohibited under the Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq. is fact specific. We make no such determination here, as you do not allude to any particular second position.
We have reviewed the cases which you cited in your correspondence and determine that because of the significant age of nearly all the cases, and the fact that these cases were decided prior to the promulgation of LSA-R.S. 33:404.1 that the holding of same have little or no bearing on the current matter.
However, we would note the following language from the case of State ex rel. Bass vs. Mayor and Board of Alderman,16 So.2d 527 (La. 1944), which appears to *Page 3 
be applicable regarding the reduction of compensation for the chief of police's next term of office:
It is a well-settled principle of law that where the Legislature creates an office, a city council can not abolish or nullify it either by direct or indirect means. It stands to reason that a municipal council can not fix the salary of a ward marshal so low that a competent person can not afford to accept the office. If the council attempts to do this, the court may interfere to prevent the abuse by the council of its discretionary right to fix the marshal's salary. It was so held in State ex rel. Thurmond v. City of Shreveport, 124 La. 178,50 So. 3, 8, 134 Am.St.Rep. 496. In refusing the application of this respondent for a rehearing, the court remarked: "The authorities cited in our original opinion justify the interposition of the courts in cases where it is manifest that the municipal authorities have sought, either directly or indirectly, to abolish a statutory office or to starve out the incumbent." State, supra, at page 530.
In conclusion then, the town council can decrease the salary of an elected chief of police or mayor only for the succeeding term and not for the current term.
Very truly yours,
Richard P. Ieyoub Attorney General
Kerry L. Kilpatrick Assistant Attorney General