Dear Chief Marshall:
Your request for an opinion regarding various issues facing the Beauregard Parish Volunteer Fire District has been received and forwarded to me for reply. Your list of inquiries included within your request shall serve as the organizational scheme for this response.
As stated in your request, the issues arise from an attempt by the Beauregard Parish Police Jury to remove one or more of the members of the Parish Communications District Board of Commissioners. Upon discovering that just cause was necessary for said removal, the Police Jury has instead decided to repeal the present parish ordinance creating the 911 District and replace it with one of its own design.
Your first inquiry is whether the parish governing authority can change an ordinance without the approval of the Board it affects. It is well established that police juries have no other powers than those specifically delegated to them. La.Atty.Gen.Op. No. 01-0168. La.R.S. 33:1415
specifically provides that a parish governing authority that creates or establishes any board, commission, agency, or district has the power to abolish it provided that any indebtedness of the board, commission, agency or district is provided for prior to abolishment. Therefore, this office opines that the parish police jury has the statutory authority to abolish the communications district and within that power is the power to amend the ordinance concerning same.
Your second question focuses on whether a parish governing authority may amend an ordinance by resolution or must it be amended by another ordinance. An ordinance cannot be amended by resolution or motion. Smithv. Town of Cotton Valley, 584 So.2d 1199. This office has recognized the distinction between a resolution and an ordinance, the latter carrying the force and effect of law, while the former expresses the opinion of that particular administration. While the newly elected governing authority must abide by all previously enacted ordinances, an old resolution is not binding upon a newly elected police jury. La.Atty.Gen.Op. No. 93-616.
Your third query is can a petition of the voters recall a parish ordinance and, if so, how many signatures would be required. No ordinance passed by the board, except emergency ordinances, provided for in R.S.33:1282, or when required by the general laws of the state, shall go into effect before ten days from the time of passage. If, during the ten days, written notice is given to the board by twenty-five electors of the parish, that a petition of protest against the passage of the ordinance will be filed, then the ordinance shall not take effect before the expiration of twenty days from the date of the filing of the notice. If a petition is filed with the clerk of the board within the last named twenty days, containing the signatures of at least twenty-five per centum of the electors of the parish, protesting against the passage of such ordinance, the same shall thereupon be suspended from going into operation, and the board shall reconsider the ordinance. La.R.S. 33:1283.
Your next question is whether the parish governing authority can freeze the budget of this 911 Board. La.R.S. 33:1415 provides, "in any case where the governing authority of any parish or municipality shall have created or established, or shall hereafter create or establish, any board, commission, agency, district, office, government of any entity whatever, having governmental functions, power or authority, such governing authority is hereby authorized to provide appropriate budgetary and fiscal controls over said agency or entity." Moreover, the statute states, budgetary and fiscal control shall include, but not be limited to, approval of operating budgets with the right to veto or reduce line items. The parish or municipality shall exercise such other budgetary and fiscal controls as are necessary and proper to ensure the maximum feasible coordination of government on the local level. La.R.S. 33:1415. Therefore, it is our opinion that the parish governing authority may freeze the budget of the 911 Communications District Board if it deems such necessary and proper for the maintenance and control of the reasonable goals of the local government.
You then ask whether the parish governing authority can dictate to the 911 Board how it should vote on issues. This question may be answered together with the inquiry that directly follows it, which is can the parish governing authority "force" the 911 Board to enter into joint service agreements that are not in its best interest. The governing authority of local governmental subdivision shall have general power over any agency heretofore or hereafter created by it La. Const. Art. 6 §15. The governing authority of any parish may by ordinance create communications districts, which are recognized as political subdivisions. La.R.S. 33:9101. Additionally, under La.R.S. 33:9103, after the communications district has been created, the governing authority may appoint a board of commissioners, or in lieu of appointing a commission, shall assume the powers and duties of the boards of commissioners. This office finds neither any statutory nor any jurisprudential authority giving parish governing authorities the leeway to tell boards of commissioners created by it how to vote on issues that may come before them or when to enter into joint service agreements. Parish governing authorities do, however, have general powers over agencies created by it. In addition to said general powers, the parish governing authority has a duty to defend, indemnify, and hold harmless the district and any of its board members against liability for damage or injury to another as a result of any act or omission of a board member acting within the scope of his official functions and duties La.R.S. 33:9108. The previously mentioned statutory provision is noted for the purposes of showing how it would probably be in the best interest of the parish governing authority to monitor the acts of the district and its board members, since it would remain liable for any of their acts and/or failures to act absent a showing of willful or wanton misconduct. Nevertheless, we can point to no precedent establishing the express authority of the parish governing authority to "force the hands" of any boards of commissioners created by it as it relates to voting on issues nor with respect to any decision to enter into joint service agreements.
You have also requested an opinion of this office with respect to how much notice must be given by the police jury once the "restructured" ordinance reaches the public hearing phase, what proper procedures must be followed for conducting said hearing, and how many citizens may be allowed to speak. La.R.S. 42:7 provides, in pertinent part, that all public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings if established by law, resolution, or ordinance at the beginning of each calendar year. Additionally, it states all public bodies, except the legislature, shall give written public notice of any regular, special, or rescheduled meetings no later than twenty-four (24) hours before the meeting. Such notice shall not be required only in cases of extraordinary emergencies. The public body shall give notice of the meeting as it deems appropriate and circumstances permit. See La.Atty.Gen.Op. No. 78-10. Copies of the notice should be posted at the principal office of the public body holding the meeting, or if no such office exists, at the building in which the meeting is to be held. Notice should be published in the official journal of the public body no later than twenty-four (24) hours in advance of said meeting. Finally copies of the notice shall be mailed to any member of the news media who has requested notice of such meeting. See La.Atty.Gen.Op. No. 78-10; La.R.S. 42:7. This office finds no statutory provision setting forth a specific number of citizens that may be allowed to speak at a public hearing. However, La.R.S. 30:2017
establishes that the presiding officer at a public hearing shall have the authority to regulate the course of the proceeding, including the authority to begin and terminate the proceeding and to limit testimony which would be excessively cumulative or not related to the purpose of the public hearing; however, nothing herein shall be construed to prevent the right of any citizen to speak at a public hearing within the time limit set forth by the presiding officer. Therefore, this office opines that any citizen may speak, but such may be subject to time limits set by the presiding officer at the public hearing.
Your next inquiry is whether the 911 District can hire an attorney of its choice to advise the Board of its legal rights and obligations. As a general rule, the local District Attorney is to act as counsel for boards, agencies, and commissions within the jurisdiction of his or her office. La.R.S. 16:2. Outside counsel can be approved in special instances upon approval of the Office of the Attorney General. La.R.S.42:261. This office has taken the position, however, that if the legislation creating the particular organization allows the organization to employ an attorney, approval of this office is not necessary. See La.Atty.Gen.Op. No. 84-817.
You have also requested our opinion as it relates to whether the police jury can override a board appointment that has been nominated by a municipality located within the communications district. La.R.S.33:9103(A)(1)(a) provides, in pertinent part, when any district is created wholly within a single parish, the parish governing authority creating it may appoint a board of commissioners composed of seven members to govern its affairs Based on the aforementioned provision, it is the opinion of this office that the police jury does have the authority to declare unacceptable any nominations for board appointments from any of the municipalities within the communications district.
Finally, you inquire whether it is in the legal boundaries of the police jury to set up an appointment system based on individual police jurors hand picking candidates from their respective wards without regard to population. La.R.S. 33:9103 only states that the members of the board shall be qualified electors of the district. Therefore, it appears the police jury may set up an appointment system as long as the basis for selection of a candidate for service on the board may be justified via a showing that he/she is a qualified elector of the district.
I hope that this sufficiently and adequately responds to your inquiries. If you have any additional questions and/or any additional information becomes necessary, please advise.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________ Charles H. Braud, Jr. Assistant Attorney General
RPI/CHB;sfj
DATE RELEASED: May 15, 2003
 Charles H. Braud, Jr. Assistant Attorney General
OPINION NUMBER 78-10
January 13, 1978
88 . . . POLICE JURIES — GENERAL
Police Juries may, if the provisions of the private meetings law are complied with, hold meetings of the body at various localities with the Parish. La.R.S. 42:7
Mr. Fred A. Lemoine Secretary-Treasurer Terrebonne Parish Police Jury P.O. Box 4035 Houma, Louisiana 70361
Dear Mr. Lemoine:
In response to your letter to the District Attorney requesting an opinion of this office on the Open Meetings Law you have asked the following question: May the Police Jury consider a program of holding regular meetings of the body at various locations within the parish such as Montegut, Bourg, Little Caillou, Bayou Dularge, Gibson-Chacahoula, Schriever, Bayou Blue, etc.
The mandate of the legislature is that deliberations and decisions that go into making public policy shall be construed liberally. LRS 42:4.1.
Therefore it would appear to be in futherance of that mandate that the Police Jury sit at other localities within the Parish. However, if there are ordinances, by-laws or rules of the Police Jury that make the regular meeting place in Houma, then a public meeting must be held to amend the ordinances, by-laws or rules. Nevertheless, a public hearing should be held prior to a decision by the Police Jury, to move the meetings from place to place within the Parish and every effort should be made to give the widest public dissemination to the decision made by the Jury. LRS 42:7.
There should be strict compliance with the provisions of LRS 42:7
which state:
 A. All public bodies, except the legislature, shall give written public notice of any regular, special, or rescheduled meetings no later than twenty-four hours before the meeting. In cases of extraordinary emergency such notice shall not be required; however, the public body shall give notice of the meeting as it deems appropriate and circumstances permit. The notice shall include the date, time, and place of the meeting.
B. Written public notice shall include, but need not be limited to:
 (1) posting a copy of the notice at the principal office of the public body holding the meeting, or if no such office exists, at the building in which the meeting is to be held; or by publication of the notice in the official journal of the public body no less than twenty-four hours in advance of said meeting; and
 (2) mailing a copy of the notice to any member of the news media who requests notice of such meeting, and such member of the news media shall be given notice to meetings in the same manner as is given to members of the public body.
It is therefore the opinion of this office that the Police Jury may consider a program of holding regular meetings of the body at various localities within the Parish if the procedures set forth above and elsewhere in Title 42 (The Public Meeting Law) are complied with.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ KENDALL L. VICK Assistant Attorney General
KLV:gs
OPINION NUMBER 84-817
September 20, 1984
90-A-1(b) PUBLIC CONTRACTS — Professional Services
Lafayette Public Power Authority does not need approval of Office of the Attorney General to retain counsel.
Mr. Ross A. Brupbacher DOMENGEAUX WRIGHT Post Office Box 3668 201 West Main Street Lafayette, Louisiana 70502
Dear Mr. Brupbacher:
This letter is written in response to your inquiry concerning the ability to the Lafayette Parish Communications District to hire general counsel to assist it.
As a general rule, the local District Attorney is to act as counsel for boards, agencies, and commissions within the jurisdiction of his or her office (R.S. 16:2). Outside counsel can be approved in special instances upon approval of the Office of the Attorney General (R.S. 42:261). This office has taken the position, however, that if the legislation creating the particular organization allows the organization to employ an attorney, approval of this office is not necessary.
Act 788 of 1979 created the Lafayette Parish Communication District. Section 4.D. of that Act provides that the "Commission shall have authority to employ such experts, employees and consultants as it may deem necessary to assist the commission in discharge of its responsibilities to the extent that funds are made available." We feel that the quoted language gives the discretion to hire such assistance as it deems necessary, including attorneys to advise it. No approval is required of this office.
Please feel free to contact me if I can be of further assistance.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 _________________________ KENNETH ODRIE ORTEGO STAFF ATTORNEY
WJG, JR/KOO/bar