Dear Mayor Goldsby:
On behalf of the Town of Amite, you have requested the opinion of this Office as to whether, in the face of a local ordinance forbidding the town from collecting various types of private debris, the mayor can still authorize such collection. More specifically, you have informed us that Ordinance No. 14-2005 of the Town of Amite states that the Town cannot collect demolition, remodeling, restoration, lot-clearing, land-clearing, tree-trimming, and tree-removal debris from private property. You also note that the debris in question is not a result of any natural disaster, but that your office would like to authorize the collection of said debris. For the reasons discussed more fully below, we are of the opinion that the collection of such debris by the Town, in a nonemergency situation, is not permitted under State law or the law of Amite.
As a general matter, we have, on several occasions, opined that, under La. Const. Art. VII, Sec. 14, in nonemergency situations, it is a violation of the prohibition against the donation of public resources for the benefit of private interests to use public equipment or labor to remove debris from private property, absent a preexisting obligation on behalf of the State or its political subdivisions. La. Atty. Gen. Op. 05-0360 and 05-0360-A. In La. Atty. Gen. Op. Nos. 05-0373 and 05-0381, we opined that the removal of debris from private property using public equipment, funds, or labor could only occur in a declared state of emergency and further only when the debris located on private property constituted an "immediate threat" to life and public health and safety. See La. Atty. Gen. Op. No. 05-0381. Under the facts that you relate in your request letter, it is apparent that there is no emergency situation under which the debris that you write about must be removed to protect the life or health and safety of the people of Amite. Thus, it is our opinion that, based on the previous opinions of this Office, the removal of debris from private property, when no state of emergency has been declared by the proper authorities, would constitute a violation of La. Const. Art. VII, Sec. 14. *Page 2 
There are two important points to note based on our above opinion. First, this opinion is in no way intended to revoke the recent debris-related opinions of this Office rendered in the wake of Hurricanes Katrina and Rita. Indeed, it is our opinion that La. Atty. Gen. Op. Nos. 05-0360, 05-0360-A, 05-0373, and 05-0381 continue to constitute a sound legal statement of the law of debris removal and right-of-entry matters in the event of a declared state of emergency. Second, the restriction against the use of public resources to remove nonemergency debris from private property embodied in La. Const. Art. VII, Sec. 14 does not mean that no such debris removal can be done by the Town of Amite. All it means is that it cannot be done for free. It seems reasonable and permissible under that portion of the Louisiana Constitution for the Town to perform such removal activities for a fee that is calculated to fully compensate it for the costs of providing the service. This Office has, in past opinions, noted that a discount on trash or garbage removal from private residences or businesses would similarly violate the prohibition against donations in La. Const. Art. VII, Sec. 14. La. Atty. Gen. Op. Nos. 94-30 and 99-250. However, those opinions also imply that there is nothing violative of the Constitution if the political subdivision provides these services or contracts out these services for a fee from the private citizens that will fully compensate it for all of the attendant costs of performing or contracting the service. We are thus of the opinion that a debris collection plan that ensures the complete compensation of the relevant political subdivision for services rendered would be permissible and would not run afoul of La. Const. Art. VII, Sec.14.
The foregoing discussion about possibilities for the Town of Amite to avoid running afoul of La. Const. Art. VII, Sec. 14 are tempered by Ordinance No. 14-2005, which you attached to your opinion request. That ordinance, presumably duly enacted by the Mayor and the City Council on August 3, 2005, specifically states that the Town will not be responsible for the collection of debris from private property. Amite Code of Ordinances, Sec. 8-1002. This ordinance represents a block to either a unilateral act on behalf of the Mayor or the emplacement of a fee-based debris collection process by the Mayor and the City Council.
As to the matter that is part of your opinion request, whether the Mayor may authorize the street superintendent to collect the above-mentioned debris, it is our opinion that the answer to this is in the negative. Because it appears, from the information available to us at the time of this writing, that Ordinance No. 14-2005 was properly enacted, it is our opinion that the Mayor does not have the power to override that ordinance or to supercede it. Because the Town of Amite is a Lawrason Act municipality, a complete understanding of this conclusion requires an examination of La. R.S. 33:361 et seq. La. Atty. Gen. Op. No. 05-0268. A mayor's power to stop or alter an ordinance is vested in his power to veto that ordinance as it is making its way through the legislative process. La. R.S.33:406(C)(2); La. Atty. Gen. Op. Nos. 83-359; 90-673; 93-616. Once enacted, the ordinance may only be superceded or repealed in the same manner *Page 3 
that it was enacted. State ex rel. Loeb v. Jordan, 89 So. 15
(La. 1921); Smith v. Town of Cotton Valley, 584 So.2d 1199,1202 (La.App. 2 Cir. 1991). Additionally, once an ordinance is properly enacted, it is the Mayor's duty to enforce that ordinance and not to undermine it. Plaisance v. Davis,868 So.2d 711, 2003-0767 (La.App. 1 Cir. 2003). This line of statutes, judicial decisions, and opinions leads us to opine that a unilateral act by a mayor to permit the collection of debris by the street superintendent, in direct contravention to the language of a duly enacted ordinance, is not a lawful exercise of a municipality's executive power.
It is further our opinion that, should the Mayor and City Council decide to provide for a fee-based debris collection service, Ordinance No. 14-2005 would still stand in the way. Following the reasoning in Loeb and Smith, supra, we opine that any such act would have to begin with a legislative repeal of Ordinance 14-2005 and then the enacting of a new ordinance that provides for the fee-based debris collection.
In summary, this Office is of the opinion that, due to the prohibition against the donation of public resources contained in La. Const. Art. VII, Sec. 14 and due to the bar to debris collection in Amite Code of Ordinances, Sec. 8-1002, the Mayor of Amite cannot authorize the street superintendent to collect or pick up demolition, remodeling, restoration, or other debris absent a declared state of emergency.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: ______________________________
 RYAN M. SEIDEMANN
 Assistant Attorney General