Dear Chief O'Malley:
You advise this office a dispute over your salary continues between yourself as chief of police and the mayor and board of aldermen of the Village of Montpelier. You further state you are an elected chief of police, and that the board of aldermen acted to reduce your salary in violation of state law.
Of relevance is R.S. 33:404.1, providing:
 § 404.1 Compensation of municipal officers
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease the compensation of any nonelected municipal officer and to increase the compensation of elected officials except as otherwise provided by LSA-R.S. 33:405(G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected. (Emphasis added).
Of further import is the constitutional protection afforded by LSA-Const. Art. 6 § 12 (1974) providing:
 § 12 Local Officials; Compensation
 Section 12. The compensation or method of fixing the compensation of an elected official of any local governmental subdivision which operates under a home rule charter or plan of government, as provided in Sections 4 and 5 of this Article, shall be provided in its charter. The compensation or method of fixing the compensation of an elected official of any other local governmental subdivision shall be provided by law. Compensation of a local official shall not be reduced during the term for which he is elected.(Emphasis added). *Page 2 
The statutory prohibition against the reduction of the compensation of any elected official is applicable only to the term for which he is elected, but a reduction is authorized for subsequent terms. In the case of Smith vs. Town of Cotton Valley, 584 So.2d 1199 (La.App. 2nd Cir. 1991), writ den., 589 So.2d 1057 (La. 1991) the court, interpreting LSA-R.S. 33:404.1 as applicable to the reduction of an elected chief of police's salary, noted the following:
 The statute specifies that the reduction shall not occur "during the term for which he is elected." Here, the reduction did not occur during the term plaintiff was serving, but was set to occur at the beginning of the next term. The obvious meaning of the prohibition against salary reduction is to prevent a vindictive board of aldermen from punishing an elected official by reducing his salary during the term he is presently serving. An elected official who has been elected but has not yet taken office may choose to decline acceptance of the office if the compensation is lowered to a level which, while reasonable, is beneath his expectations. Smith, supra, at page 1201.
As we previously advised you in Attorney General Opinion 02-0027 regarding this issue, the Village of Montpelier may not reduce your salary as elected chief of police during the current term in which you serve. If the Village remains unwilling to address your concerns, it is our recommendation that you employ private counsel to assist you in recovering any back salary owed you.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg