O’NIELL, J.
Defendant appeals from a judgment declaring him dismissed and discharged from the position of superintendent of the electric light and waterworks plant of the city of Opelousas, and enjoining him to abstain from interference with the management or control of the plant.
The judgment was rendered on the pleadings and annexed documents. The facts of the case are therefore not disputed. Defendant, being one of two applicants for the position of superintendent of the electric light and waterworks plant, was elected by vote of the board of aldermen on the 7th of December, 1920, for a term expiring on the 10th of May, 1922, at the salary of $275 per month. He-was given authority to employ and discharge all employees in that department. In February, 1921, defendant took offense at what he deemed an interference by the mayor with the management of the electric light and waterworks department, and struck the mayor on the leg with a whip. A special meeting of the board of aldermen was immediately called, for the purpose of acting in the matter of the dismissal and discharge of the superintendent, and to take any and all action in reference thereto that the board might deem necessary, and for the further purpose of suspending any existing rule or order with reference to the dismissal of employees, if same should be deemed necessary. The mayor presided at the meeting, and four of the five members constituting the board ef aldermen were present. The absentee was not in the city, and was not served with the notice, which was left at his residence about three hours before the meeting. The city attorney attended the meeting, and advised that the board could not legally, at that meeting, adopt an ordinance to repeal an existing ordinance, because the purpose of doing so had not been stated in the call for the meeting. One of the aldermen then offered a resolution to suspend “the rule with reference to the dismissal of employees of the city." The so-called rule, which the resolution was *315 intended to suspend, was in reality an ordinance prescribing tlie method by which alone employees might be hired or discharged, viz.:
“An ordinance for the purpose of regulating the manner in which town officers and employees shall be employed, tried and discharged.
“Section 1: Be it ordained by the mayor and board of aldermen of the town of Opelousas that no new office or position of emolument shall be created, made or appointed by this board unless the office or position shall first be discussed and passed upon by the board and two-thirds voting in favor of such new office or position.
“Section 1 adopted by tlie following yea and nay vote, to wit: Against: Estorge. For adoption: Norman, Boagni, Sandoz, Saizan, Lareade.
“Sec. 2: Be it further ordained by the board of aldermen of the town of Opelousas that the officers employed by the board of aldermen, or by officers of the town authorized to do so, shall not be tried and discharged for malfeasance or neglect of duty, or any other cause, except by a board composed of two-thirds of the members present.
“Be it further ordained that, in order to have two-thirds of the board present to try such cases, the members present shall compel the attendance of absent members and may impose a fine of $10.00 upon the absent notified members and compel their attendance by sending the town marshal to arrest the absentees. and try them before the board.
“Section 2 adopted by the following yea and nay vote, to wit: Against: Estorge. For adoption:' Sandoz, Chachere, Norman, Saizan, Boagni and Larcade.”
’ It appears that the city attorney also advised the mayor and the board of aldermen that the ordinance providing an exclusive method for discharging employees of the city could not be repealed or suspended by mere resolution.' But the alderman who had introduced the resolution insisted upon its being put to a vote. The result was a tie vote, two aldermen voting for and two against the adoption of the resolution, whereupon the mayor cast the deciding vote in favor of the resolution. The alderman who had introduced the resolution then offered the following resolution, .viz.:
“Resolved that George C. Jordan, superintendent of the city’s power plant, be, and he is hereby, dismissed and discharged for good and sufficient causes, among, others, for insubordination and for assaulting the mayor while the latter was in the discharge of his official duties.
“Resolved further that the mayor and power house committee be, and they are hereby, authorized to take charge of said power plant and to see that it is operated to the best advantage until a new superintendent be employed and qualified.”
The vote on the resolution discharging the superintendent was the same as on the resolution purporting to suspend the ordinance that stood in the way, the mayor casting the deciding vole in favor of the adoption of both resolutions.
On advice of his attorney, defendant refused to surrender his office or employment, claiming that the hoard of aldermen could not discharge him without allowing him a hearing, in conformity with the ordinance on the subject.
The theory on which the district court rendered judgment on the pleadings and without hearing evidence was that defendant’s only recourse was to claim his salary for the unexpired portion of the term of his employment. For that reason, it was stated in the judgment that it was rendered without prejudice to the defendant’s right, if any he had, to sue for the salary for the unexpired part of his term of employment. The court had reference to article 2749 of the Civil Code, viz.:
“If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.”
[1-4] An officer of a municipal corporation is not to be regarded as a laborer, within the meaning ol' article 2749 of the Code. This suit, instituted by resolution of the may- or and board of aldermen, is a quo warranto *317 proceeding, which, according to article 867 of the Code of Practice, is available only against “a person who claims or usurps an office in a corporation.” By the method of his proceeding, therefore, the relator has assumed that defendant was not an ordinary employee, but an officer of the corporation. It would not affect our judgment in this case, however, if we should assume that defendant was an ordinary employee, and not an officer of the corporation. It is admitted that be was not given a hearing on the accusation of insubordination and of assaulting the mayor, for which he was discharged. However reprehensible his conduct may have been in the estimation of the mayor and the two members of the board of aldermen who voted to discharge him, the ordinance on the subject of discharging employees gave him the right to a hearing and an opportunity to defend himself against the accusation. The mayor and board of aldermen realized that they could not peremptorily discharge the superintendent of the electric light and waterworks plant while the ordinance on the subject of discharging employees remained in force. That is why the mayor and two members of the board of aldermen undertook first to repeal and then to suspend the ordinance that stood in the way of théir peremptorily discharging the superintendent. They had no more right, by mere resolution, to suspend the ordinance for the' occasion, than they had to summarily discharge the superintendent in defiance of the ordinance.
[5] It is argued on behalf of relator that the ordinance referred to does not grant an employee a right to a hearing before being discharged, but merely provides for a tribunal that shall have authority to discharge employees. The argument is not well founded. The title of the ordinance is, “An ordinance for the purpose of regulating the manner in which town officers and employees shall be employed, tried and discharged;” and the second section of the ordinance, though not as accurate in its language as it might be, expresses plainly enough the purpose of protecting officers or employees o'f the city against being discharged for any cause, without a trial and an opportunity to be heard before the board having authority to discharge officers or employees. It was virtually conceded by the mayor and board of aldermen, when they undertook to suspend the ordinance in question, that they did not intend to proceed in accord with it.
[6] It is contended on behalf of relator that the ordinance regulating the manner of discharging officers and employees of the city shows upon its face that its final passage' was not accomplished by a “yea and nay” vote, as required by section 33 of Act 136 of 1898 (p. 239). The requirement of the law referred to is that—
“All ordinances shall be read and considered by sections at a public meeting of the mayor and board of aldermen, and the vote on their final passage shall be taken by ‘yeas’ and ‘nays,’ which shall be entered on the minutes by the clerk.”
The copy of the ordinance in question, as embodied in the minutes of the meeting at which it was adopted, and as heretofore quoted in this opinion, shows upon its face that each section was adopted by a yea and nay vote on final passage of the ordinance, which, in our opinion, was a compliance with the statute on the subject.
The judgment appealed from is annulled, and this suit is dismissed at the cost of the relator.