DOUCET, Judge.
This is an appeal from a judgment granting relief to the plaintiff-appellee on a quantum meruit basis for services rendered to the defendant-appellant.
The plaintiff-appellee, Dr. Emil Laga, is a forensic pathologist. He was requested by the Iberia Parish Coroner, Dr. Joseph Mus-so, to perform forensic autopsies and forensic consultations in two cases in June and July of 1987. In each case the deceased was a resident of the Village of Loreauville (Loreauville), defendant-appellant herein. Dr. Laga had previously performed forensic autopsies and consultations on deceased residents of Loreauville in 1985 and 1986. In those cases he received $600.00 per consultation. Loreauville paid those charges without protest. In connection with the 1987 autopsies and consultations, Dr. Laga again submitted invoices for $600.00 for each. His fees were itemized as follows: $350.00 for each forensic autopsy performance; $250.00 for each medical record review, microscopic slide examination, report editing and approval, and forensic consultation. Loreauville failed to pay.
In order to obtain payment, Dr. Laga filed a suit on open account on June 27, 1988. Apparently relying upon La.R.S. 33:1556(A)(l)(c), Loreauville paid Dr. Laga $600.00 ($300.00 per autopsy and consultation) on July 25, 1988, and refused further payment. Loreauville answered Dr. Laga’s suit on November 8, 1988.
A trial of the matter was held on December 14, 1988. After hearing all the evi *213 dence, the trial judge found that although the compensation for Dr. Laga had not been agreed upon as required by the version of R.S. 33:1560 in effect prior to September 1, 1987, Dr. Laga was entitled to compensation for the two consultations on a quantum meruit basis in the amount of $1,200.00. Loreauville appeals.
The defendant-appellant contends that, under La.R.S. 33:1560, it was statutorily prohibited from paying Dr. Laga’s fee, absent an agreement between itself and the Iberia Parish Coroner. Loreauville argues that, in light of this prohibition, the trial judge erred in granting a recovery based on quantum meruit.
Prior to the amendment effective September 1, 1987, La.R.S. 33:1560 stated that:
“The coroner may contract with any competent physician or other expert to assist in the conduct of an investigation or autopsy. The physician or other expert, upon the certificate to the coroner, shall be paid by the parish or municipality such compensation for his services as shall be mutually agreed upon by the coroner and the governing authority of the parish or municipality responsible for the expenses of the investigation or autopsy.”
It is undisputed that the Coroner did contract with Dr. Laga to assist in the autopsy. The statute does not require that the municipality agree to this. Additionally, there is no dispute as to Dr. Laga’s competency to conduct such procedures. The alleged violation of the statute comes from the fact that the Coroner and Loreau-ville never agreed upon the compensation to be paid for Dr. Laga’s services.
However, where a contract entered into with a public body in violation of a statute is not inherently immoral or evil, and involves no fraud, it is only malum prohibitum. A contractor may recover in quantum meruit for services rendered under such contracts. Corbello v. Jefferson Davis Parish Police Jury, 262 So.2d 151 (La.App. 3rd Cir.1972). Quantum meruit is a remedy devised by the court where no price has been agreed upon by the parties to a contract. Sizeler v. Muller, 467 So.2d 1268 (La.App. 4th Cir.1985), writ denied, 469 So.2d 990 (La.1985).
The contract for Dr. Laga’s services was not inherently immoral or evil. Nor has there been any allegation of fraud. Therefore, the trial judge correctly found Dr. Laga to be entitled to recover on a quantum meruit basis.
The burden of proof is on the party seeking quantum meruit to show the value of the services rendered. Till v. Delta School of Commerce, Inc., 487 So.2d 180 (La.App. 3rd Cir.1986). In this case, Dr. Laga submitted into evidence itemized statements explaining exactly what had been done. Further, in testimony he described extensively the services rendered. Both Dr. Laga and Forbus J. Mestayer, Sr., the Mayor of Loreauville, testified that Lo-reauville had previously, without protest, paid Dr. Laga $600.00 each for forensic autopsies and consultations.
On the basis of this evidence, the trial court found that Dr. Laga was entitled to a payment of $600.00 for each of the two 1987 consultations minus a credit of $600.00 as a result of Loreauville’s July 1988 payment.
Our review of the record reveals no abuse of discretion by the trier of fact in this award. Accordingly, we affirm the judgment of the trial court. All costs are to be paid by the defendant-appellant.
AFFIRMED.