Dear Dr. Falterman:
In your capacity as the Iberia Parish Coroner, you have requested our opinion regarding the fees which may be charged by a pathologist who conducts autopsies on behalf of the Coroner's Office.
According to your correspondence, a particular pathologist has been conducting autopsies for the Coroner's Office for some time. We understand that until January of 1993, this pathologist received a salary, approved by the Parish Council, as compensation for all autopsies he conducted in a particular year. Effective January 1, 1993, the pathologist has worked on a "fee for service" basis, charging $955.00 for natural/uncomplicated deaths and $1355.00 for criminal death investigations. In addition to the fees payable to the pathologist, lab tests ordered by the pathologist are billed by the lab directly to the Coroner's Office.
You have requested our opinion as to whether there are any legal limitations on the amount a pathologist may charge a Coroner's Office.
R.S. 33:1560, as amended by Act No. 834 of 1988 and Act 434
of 1989, provides as follows:
 "The coroner may contract with any competent physician or other expert to assist in the conduct of an investigation or autopsy. The physician or other expert, upon the certificate of the coroner, shall be paid by the parish or municipality such compensation for his services as shall be mutually agreed upon by the coroner and governing authority of the parish or municipality responsible for the expenses of the investigation or autopsy. However, such compensation, including any expenses, tests, costs or fees, shall not exceed the sum of five hundred dollars, unless otherwise mutually agreed upon by the coroner and the chief executive officer or chief fiscal officer of the parish or municipality."
As we read this statute, a coroner can only utilize the services of a pathologist if he has the approval of the governing authority of the parish or municipality on whose behalf the autopsy is being conducted. We assume that you have the authorization of these entities to utilize the services of pathologists in general, or at least this particular pathologist.
Of more pertinence to your question, the statute provides that compensation to experts such as the pathologist cannot exceed the sum of $500.00 per autopsy, unless the coroner and the chief executive or fiscal officer mutually agree otherwise.
In our opinion, the pathologist in question cannot charge in excess of $500.00 per autopsy, including the amount charged for lab tests ordered by the pathologist, nor can you pay him in excess of that amount, unless you, in your capacity as coroner, and the chief executive officer or the chief financial officer of the parish or municipality that will ultimately be responsible for the bill agree otherwise.
We are cognizant of the holding of the Third Circuit Court of Appeal in Laga v. Village of Loreauville 571 So.2d 212 (3rd Cir. 1990), and have considered same in reaching this determination. We note that that decision recognizes that the pertinent version of R.S. 33:1560 (in effect prior to September 1, 1987) did not require that the Village of Loreauville agree to the Coroner's contract with Dr. Laga for the performance of such services, and that it was upon this basis that Court was able to award recovery to Dr. Laga on a quantum meruit basis.
In our opinion, R.S. 33:1560, as amended by Acts 375 of 1988 and 599 of 1992, would limit recovery to a pathologist who performs such an autopsy to $500.00, unless both the coroner and the chief executive officer or the chief financial officer of the financially responsible governmental entity agree otherwise.
Please also note that if the amount of this pathologist's fees is unacceptable, care should be taken to avoid a judicial finding of tacit agreement, which could arise if you and the governmental entities involved make payments in accordance with the demands of the pathologist in question. Such tacit agreement might be found by the court if the pathologist continues to be hired in spite of the unacceptable amount of his fees.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0293n