Dear Mr. Odom:
You have asked this office to respond to the following question:
 Does Louisiana law require that the salaries of the mayor and city clerk be individualized as "one line items" in a municipality's general fund operating budget?
The City of Tallulah is a Lawrason Act municipality, governed by the provisions of R.S. 33:321 et seq. Of import to your question is R.S.33:404.1, providing:
 § 404.1 Compensation of municipal officers
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any non-elected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected.
This office has previously determined that the adoption of a specific ordinance containing only the subject of salaries for those officials listed in R.S. 33:404.1 is the best practice. See Attorney General Opinions 94-219 and 93-616, copies attached.
A line item is "a sum of money dedicated to a specific purpose, a separate fiscal unit." Henry v. Edwards, 346 So.2d 153, 157 (La. 1977). We have been advised by the Legislative Auditor that the names and salaries of all municipal officers should be listed within the general fund operating budget document, i.e., "line item" these expenses. This listing is in addition to the separate ordinance setting forth the salaries of municipal officers in compliance with R.S. 33:404.1.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
DATE RECEIVED:
DATE RELEASED: September 6, 2001
*1 OPINION NUMBER 94-219
Released: AUGUST 9, 1994
71 MUNICIPALITIES — (See all Officers — 77) 77 OFFICERS — Local Municipal; Selection, Qualifications Tenure; vacancies
Salary of an elected municipal official shall not include expenses; as such is a violation of R.S. 33:404.1 and 405(G), and considered additional compensation.
Hon. John Doyle Chief of Police City of Harahan 6441 Jefferson Highway Harahan, Louisiana 70123
Dear Chief Doyle:
We are in receipt of your request for an Attorney General's opinion regarding the salary of elected officials in the City of Harahan. We will restate the facts that are presented in your letter and attached documents.
Since 1984 through 1993, elected officials have been issued expense checks from the City of Harahan. These expense checks were issued without benefit of any receipts or vouchers being turned in by the officials. When the City Clerk was informed that this practice was unacceptable, the clerk began adding the monthly expense amounts into the salary of the officials. Apparently, the board of aldermen have never adopted a specific ordinance providing for the salary of officials in the City of Harahan, but by examining the city's annual operating budget, it is obvious that from 1992 through 1994, the salary line item for elected officials has been increased. The ordinance that has always been used each year to set the salaries for all employees has been the budget ordinance. Additionally, there is no ordinance which provides for all elected officials to receive an expense allowance except as provided with a line item for "Allowance for City Officials" in the budget each year beginning with the budget year of 1968.
Specifically, you have asked the following questions:
1. By accepting their salaries with the added amounts, have the elected officials now increased their salary during their term in office, according to R.S. 33:405(G)?
2. Since there had previously been no formal adoption of an ordinance setting forth the salary of the elected officials, is the method of combining salary and expenses a violation of R.S. 33:405(G)?
LSA-R.S. 33:404.1 provides:
The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen shall also by ordinance have the authority to increase or decrease the compensation of elected officials except as otherwise provided by R.S. 33:405(G). However, the board of aldermen shall not reduce the compensation of the mayor or any elected official during the term for which he is elected.
LSA-R.S. 33:405(G) provides:
G. Aldermen shall receive compensation as established by ordinance and may increase their compensation from time to time, but any increase in compensation shall not become effective during the term of office in which the increase is approved, and no increase in compensation made within the last six months of the term of office for aldermen shall be effective for the next succeeding term.
*2 These two statutes provide clear and consistent language. Should any increase in an elected official's salary be desired, R.S. 33:404.1
requires that increase to be issued by the board of aldermen through the enactment of an ordinance. The limitation in R.S. 33:404.1 referring to33:405(G) is involved only when the increase in salary shall become effective, not whether an alternative means exists for a salary increase.
In applying this analysis to the issue before us, we must first determine whether the additional funds applied to the salaries of the elected officials involved are an "increase" in salary as contemplated by these statutes.
The fact that the funds were previously designated "expense checks" or "expense amounts" has no bearing on our determination. These funds have been incorporated by the city clerk into the salary payments of the elected officials in an apparent attempt to avoid an unacceptable practice. However, in doing so, the clerk has increased the salaries of the elected officials without following the requirements mandated by R.S. 33:404.1 and 405(G).
Additionally, we refer to our earlier opinions which provide in general that all public employees "[s]hould submit receipts, or at a minimum, an adequately documented itemization of expenses actually incurred in the performance of their public duties in order to be reimbursed therefor. Otherwise, the expense allowance should be treated as additional compensation, and taxes must be withheld therefrom. If expense reimbursements are not adequately documented, and are not treated as additional compensation by withholding taxes, the allowances may be in violation of La. Const. (1974) Art. VII, Sec. 14." (Atty.Gen.Op. 92-716).
In response to your first question, it is the opinion of this office that the salaries of the elected officials have been increased by the adding of expense amounts to the salary, which is not in adherence to the above provisions of law. The law clearly sets forth that any salary increases are valid only if approved by the board of aldermen in ordinance form and only if the increases do not become effective during the term of office in which the increase is approved, nor made in the last six months of the term of office.
With respect to your second question, it seems apparent that the budget ordinance has been used each year to set the salaries for all employees of the City of Harahan. The budget ordinance certainly fits within the purview of R.S. 33:404.1, and this office has previously opined that while a better policy would be the adoption of a specific ordinance containing only the subject of salaries, an increase of salary for public officials may be allowed through an ordinance that adopts a budget reflecting the increase. (Atty.Gen.Op. 93-616).
Therefore, the requirement contained in R.S. 33:404.1 that if the salaries of the elected official were not properly increased by a prior administration, an ordinance be used to establish and/or raise an elected official's compensation does not mean that an ordinance be specific only to the salaries of these officials. A budget ordinance will suffice as a valid means for establishing and providing for salaries of municipal officers. However, the requirements of R.S. 33:404.1 and 405(G) are still applicable to the establishment of salary by budget ordinance.
*3 In response to your second question, it is the opinion of this office that the salary of the officials in the City of Harahan is provided for by the budget ordinance and the method of combining salary and expenses is not allowed by law. It needs to be determined whether the salaries were properly increased in the budget ordinance by a prior administration. The facts presented are insufficient for our office to make such a determination.
In the past we have opined that the Mayor or a taxpayer would have a right to claim return of compensation paid beyond the proper amount through court action under the rule that they may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duty in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or his property; citing Capedville v. N.O. S.F.R. Co., 110 La. 904, 34 So. 868 (1903); Suarez v. Police Jury of St. Bernard, 203 La. 680,14 So.2d 601 (1943); Melancon v. Police Jury of Lafayette, 301 So.2d 715
(La.App. 1974). (Atty. Gen. Op. 93-616). However, it may be possible for an elected official to avoid litigation by returning any payments which were not authorized by law. Meanwhile, the board of aldermen should proceed to enact a specific ordinance which addresses the salary of the board to be effective for the next term, provided there is more than six months remaining in their present terms of office. The board should also specifically address their expense allowance, and require proof of expenses before reimbursement is made.
If you have any further questions, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL:pb/0287s
*1 OPINION NO. 93-616
November 24, 1993
77 Officers Local MunicipalR.S. 33:404.1; R.S. 405 (G)
Compensation for aldermen can only be set by ordinance, but those having received compensation set by resolution would have compensation determined on a quantum merit basis to find any excess payments.
Gerald J. Fontenot, Esq. City Attorney Village of Pine Prairie P.O. Box 239 Mamou, LA. 70554-0239
Dear Mr. Fontenot:
This office is in receipt of your request for an opinion of the Attorney General in regard to compensation for aldermen of the Village of Pine Prairie. You indicate prior to January 1, 1986 each alderman's salary was set at $60.00 per month and they received 1/2 of this amount for each special meeting. You indicate it does not appear the salaries were ever set by ordinance. On June 4, 1992, by means of a motion, the salary was increased to $160.00 per month to be effective on January 1, 1993 when the present aldermen began their terms, none having previously served. The following questions have arisen concerning the compensation:
1. a) What is the proper current compensation for each member of the board of aldermen;
b) When did it become effective; and
c) Are there any conditions placed on any of the aldermen's compensation?
2. a) If there is anyone who has received compensation beyond the proper amount, does this compensation have to be returned to the Village of Pine Prairie;
b) If so, what is the procedure to obtain the return of the excess amounts and who has the right to pursue the return of the excess amount; and
c) If there are excess amounts due, does the person have to return the total amount due at once or can the person return the amount by installments, and is there a limit to the term of the installments?
3. Can the Board of Aldermen forgive any of the excess amounts received by anyone?
4. Can an ordinance be enacted to correct any possible problem discussed herein?
5. Can an ordinance be amended by a resolution or motion or must it be amended by another ordinance?
6. a) If the compensation of a municipal official was fixed by motion by the board of aldermen before the requirement for fixing by ordinance became effective, what is the requirement for compensation after the after the ordinance requirement became effective?
b) If no ordinance is adopted, does the municipal official lose all compensation or does it continue at the rate fixed by motion?
c) In other words, is an ordinance required to continue the compensation or only to change the compensation rate once it had been correctly set by motion?
7. Will the enactment of a budget by the Village, by means of an ordinance be sufficient to provide for an increase in salary of a public official if there is no other ordinance providing for such increase when the increase requires an ordinance for such increase?
Before attempting to answer your specific questions, we note that in accordance with R.S. 33:404.1 and R.S. 33:405 (G) it is mandated that the "compensation" of aldermen shall be by ordinance, which became effective Jan. 1, 1986 by Act 890 of 1985. No ordinance was enacted in your Village after 1986 to set salaries for aldermen, but there was a continuation of the salary established by a resolution passed in March of 1982.
*2 This office has recognized the distinction between a resolution and an ordinance, the latter carrying the force and effect of law, while the former expresses the opinion of that administration. While the newly elected governing authority must abide by all previously enacted ordinances, an old resolution is not binding upon a newly elected police jury. They may proceed to promulgate new resolutions. Atty.Gen.Op. No. 93-115.
In Smith v. Town of Cotton Valley, 584 So.2d 1199 (La.App. 198??) the court was faced with the question of the validity a resolution increasing a salary fixed by ordinance. The court cited State ex Loeb v. Jordan, 149 La. 312, 89 So. 15 (1921), that held the mayor and board of aldermen had no right to suspend an ordinance by a mere resolution, and accordingly held as follows:
Inasmuch as a resolution cannot amend an ordinance, the 1983 and 1984 resolutions did not validly repeal, modify or amend the 1976 ordinance. Consequently, the salary of $650 per month established in Ordinance #173 is still in effect.
It is clear from the above that the resolution of June, 1992 to increase the salary from the prior $60 to $160 for the following administration was not the proper procedure. You indicate that this increased amount was reflected in the budget which was adopted pursuant to an ordinance by the Village in December, 1962.
We recognize that in accordance with R.S. 33:406 (B) (1) that a proposed ordinance may be introduced by any aldermen at any board meeting in writing, and that an ordinance shall contain only one subject, except "for an ordinance involving the annual operating budget". We must conclude that the resolution to increase the salary was an improper procedure, and while the adoption of the budget with an increased salary was by ordinance, which we feel would have otherwise been sufficient to increase the compensation, it was not passed by the prior administration six months before the new term commenced.
Therefore, in answer to your first question we would conclude the proper current compensation for each aldermen is the $60 per month that was paid before the attempted increase, and would be effective upon the date of commencement of the present term of office.
In answering your second question, we believe the increased compensation for the present administration, not having been passed by a timely ordinance, as well as the compensation received since 1986 by anyone in the governing authority that was not established through a budget adopted by ordinance was invalid. However, we do not feel the entire amount would have to be returned since it can not be expected that they would have had to serve without remuneration.
While we find no cases directly in point, we feel the reasoning of the court should be considered that recognized salaries must be adequate so that a competent person can afford to accept the office. Courts have been authorized to interfere in cases of abuse of discretionary powers, and it has been held that the agreement of a candidate for compensation too low is void as being against public policy. Where salaries are too low the candidate is not estopped from claiming and receiving a reasonable salary after his election. State ex rel Bass v. Mayor and Board of Aldermen,204 La. 940, 16 So.2d 527 (1944).
*3 Moreover, we note in the case of Laga v. Village of Loreauville,571 So.2d 212 (La.App. 1990), where the Village contended it was statutorily prohibited from paying the pathologist's fees in absence of the agreement required by statute, the court held where a contract entered into with a public body in violation of a statute is not inherently immoral or evil and involves no fraud, it is only malum prohibitum, and a pathologist retained by the parish coroner may recover in quantum meruit for services rendered under the invalid contract. The burden of proof is on the party seeking quantum meruit to show the value of the services rendered.
Since no ordinance had been enacted to establish the compensation for aldermen since the statutory requirement went into affect in 1986 except for those enacted through adoption of the budget by ordinance, we must conclude the aldermen were not receiving compensation in accordance with law, but that does not mean all compensation must be returned. They would have a right to claim compensation for their services under the theory of. quantum meruit. While we cannot say what this amount would be, it would seem to follow that it should be at least the amount that had been being paid by resolution.
We believe the Mayor or a taxpayer would have a right to claim return of compensation paid beyond the proper amount through court action under the rule that they may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duty in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or his property. Capdeville v. N.O. S.F.R. Co., 110 La. 904, 34 So. 868 (1903); Suarez v. Police Jury of St. Bernard, 203 La. 680, 14 So.2d 601 (1943); Melancon v. Police Jury of Lafayette, 301 So.2d 715 (La.App. 1974). In such litigation the court would determined amount and the means of payment.
However, we believe that the parties may attempt to come to an agreement as to the amount to be returned and procedure for payments to avoid litigation, keeping in mind the value of their services would have to be determined in order to reach the amount of overpayment. If such an agreement cannot be reached, resort to judicial determination would have to take place.
In regard to your third question, we must conclude the Board of Aldermen cannot forgive any excess amount under the constitutional provision that prohibits donation of public funds, but as stated above, the question remains what excess has actually been received on a quantum meruit basis.
In regard to your fourth question an ordinance could be enacted to clarify what past payments were excessive and what was fair compensation in quantum meruit since the resolutions under which payments were made were not inherently immoral or involving fraud. However, an ordinance cannot be passed by the present administration to increase their compensation to the amount they believed was properly set by the previous administration. They will have to accept the lesser amount, or resign.
*4 In answer to your fifth question, an ordinance cannot be amended by resolution or motion. Smith v. Town of Cotton Valley, supra. Your sixth question has been covered in part in the above explanation which shows since 1986 compensation was required to be by ordinance, and the resolution of each administration is not binding upon subsequent administrations.
Although no ordinance was adopted, the municipal officials would not lose all compensation, but would be entitled to retain compensation under the theory of quantum meruit. Once the rate is correctly set by ordinance, it is the law of the municipality and cannot be changed by motion or resolution, but can only be amended by another ordinance.
Finally, you ask if the enactment of a budget by the Village by ordinance will be sufficient to provide for an increase in salary of a public official if there is no other ordinance providing for such increase.
While we feel an increase of salary for public officials may be through an ordinance that adopts a budget reflecting the increase, we must conclude the better policy is adoption of a specific ordinance containing only that subject. Moreover, aldermen are prohibited from any increase in compensation during the term of office in which the increase is approved or within the last six months of the term of office.
We realize this is a very complex problem, but we hope we have sufficiently answered your questions. If we can be of any assistance, do not hesitate to contact us.
Sincerely yours,
 Richard P. Ieyoub Attorney General
By: Barbara B. Rutledge Assistant Attorney General La.Atty.Gen.Op. No. 93-616, 1993 WL 526977 (La.A.G.)