Dear Mayor Simons:
This office is in receipt of a request for an Opinion from the Attorney General made on your behalf by Mr. James E. Mixon regarding whether or not modifications to the salary structure currently in place for the Town of Columbia can be made during the term of office for the Town Council and Mayor.
As we appreciate the situation, based upon the Minutes from the Town of Columbia's June 8, 1999 Town Council — Regular Meeting, the Town of Columbia currently operates under a structure wherein you, as Mayor, are paid $250.00 for the first meeting of each month followed by payment of one-half of the aforementioned amount for the month's second meeting and one-quarter of the aforementioned amount for the third meeting of the month, etc. Council members are paid $100.00 for the first meeting of the month followed by payment of one-half of the aforementioned amount for the month's second meeting and one-quarter of the aforementioned amount for the third meeting of the month, etc. We understand the aforementioned compensation structure was proposed and unanimously passed by motion on June 8, 1999, and took effect on July 1, 2000 (which marked the beginning of the next administration year).
We further understand you and the Town of Columbia's Council wish to change the current structure to one where you and each council member draw a monthly salary and payment of said salary is not dependent upon whether or not the individual actually attends a council meeting. Furthermore, you and the council members would like to be paid an additional amount for attending committee meetings other than council meetings.
Whether the current structure can be modified during the currentelectoral term ?
 A. LA. REV. STAT. § 33:404.1
LA. REV. STAT. § 33:404.1 generally explains how municipal officers are compensated in municipalities which are, like the Town of Columbia, governed by the Lawrason Act:
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected.[1]
LA. REV. STAT. § 33:404.1 accordingly requires the board of aldermen to fix the mayor's and board members' compensation by means of an ordinance. Given what has been provided to this office by you and Mr. Mixon, it does not appear as though the Town of Columbia fixed the currently-employed compensation structure by means of an ordinance. Instead, it did so through the unanimous passage of a motion/resolution on June 8, 1999. Furthermore, the undersigned had an extended telephone conference with Ms. Rachel Denison, an employee of the Town of Columbia affiliated with your office. Ms. Denison advised that to the best of her knowledge, the Town of Columbia had never passed an ordinance concerning such salaries because she possessed/maintained a cumulative record of all ordinances passed in the Town of Columbia and no such ordinance (concerning salaries) existed.
This office previously held an ordinance carries the force and effect of law while a resolution expresses the opinion of the administration that passed it (See OP.ATTY.GEN., No. 93-616). In Op.Atty.Gen. 93-616, this Office recognized the holding in Smith v. Town of CottonValley, 5844 So.2d 1199 (La.App. 2 Cir., 1991), wherein the court was faced with the question of the validity of a resolution increasing a salary fixed by an ordinance. The court cited State ex Loeb v.Jordan, 149 La. 312, 89 So. 15 (1921), which held the mayor and board of aldermen had no right to suspend an ordinance by a mere resolution, and accordingly held:
 Inasmuch as a resolution cannot amend an ordinance, the 1983 and 1984 resolutions did not validly repeal, modify or amend the 1976 ordinance. Consequently, the salary of $650 per month established in Ordinance #173 is still in effect.[2]
In 93-616, we then extrapolated and opined a resolution to increase the salary of Pine Prairie's aldermen for the following administration was not the proper procedure. Instead, in accordance with LA. REV. STAT. § 33:406(B)(1), we recognized a proposed ordinance may be introduced in writing by any alderman at any board meeting, and that an ordinance shall contain only one subject, except "for an ordinance involving the annual operating budget." Hence, we concluded, " . . . the resolution to increase the salary was an improper procedure, and while the adoption of the budget with an increased salary was by ordinance, which we feel would have otherwise been sufficient to increase the compensation, it was not passed by the prior administration six months before the new terms commenced." At that point, we advised Pine Prairie's City Attorney we were of the opinion Pine Prairie should return to the compensation scheme provided prior to its attempt to increase salary (via a resolution) and said return would be effective upon the date of commencement of the then present term of office.
It appears as though Columbia's Town Council attempted to do something similar to what was done in Pine Prairie when it unanimously passed the motion on June 8, 1999. To that end, and in remaining consistent with prior opinions from our office, we now suggest to Columbia that it return to the compensation structure employed prior to the passage of the motion on June 8, 1999, whatever that may have been. At that point, an ordinance may be introduced in writing by any council member at any council meeting suggesting an alternative compensation structure.
This, however, segways into our next hurdle — reimbursement of any amount of money paid to the mayor and the council members between July 1, 2000, and the present, which was over and above what you and the council members would have been entitled to under the structure in place prior to the passage of the motion on June 8, 1999. An ordinance could be enacted to clarify what past payments were excessive and what was fair compensation in quantum meruit, since the resolution under which payments were made was not inherently immoral or fraudulent. However, an ordinance cannot be passed by the present administration to increase their compensation to the amount they believed was properly set by the previous administration. They will have to accept the lesser amount, or resign.
Additionally of note, aldermen are prohibited from any increase in compensation during the term of office in which the increase is approved within the last six months of the term of office.
GOVERNING STATUTORY AUTHORITY
There also exists the potential for an additional problem. It appears the amount of compensation employed by the Town Council through its May 8, 1999 motion may have violated LA. REV. STAT. § 33:533.
Due to the fact Columbia has a population of 477 according to the 2000 census, it is likely LA. REV. STAT. § 33:533 governs Columbia's ability to compensate its mayor and council members. LA. REV. STAT. § 33:533
pertinently provides:
 B. The total maximum annual compensation shall be:
 (1) In municipalities having a population of less than five thousand, the mayor's — four thousand dollars, and each councilman's — three thousand dollars;. . .
 **********
 F. Population shall be determined by the last preceding state or federal census or census taken by the municipality pursuant to an ordinance.
 G. Salaries shall be payable in equal monthly installments. Every other officer, employee, or assistant shall receive in equal monthly installments the salary or compensation fixed under an applicable civil service law.
We appreciate the aforementioned statute to pertinently stand for the following. The statute mandates a mayor shall not receive more than $4,000.00 in annual salary. And any amount paid to a mayor shall be paid in equal monthly installments (i.e., if a mayor is paid $4,000.00 in annual salary, he/she should be paid in equal monthly installments of $333.33). Reciprocally, the statute mandates a council member shall not receive more than $3,000.00 in annual salary. And any amount paid to a council member shall be paid in equal monthly installments (i.e., if a council member is paid $3,000.00 in annual salary, he/she should be paid in equal monthly installments of $250.000).
Consequently, the salary structure currently in place for the Town of Columbia may not comply with LA. REV. STAT. § 33:533 because the mayor and the council members are not paid in equal monthly installments based upon an annual salary but are instead paid a diminishing sum certain based upon their attendance at various scheduled meetings throughout each month. Additionally, if one extrapolates the current salary structure, the mayor could potentially receive more money in salary than he is entitled to under LA. REV. STAT. § 33:533(B)(1) ($250.00 for the first meeting and $125.00 for the second meeting would exceed the $333.33 per month in salary to which a mayor under LA. REV. STAT. §33:533(B)(1) is entitled). By all accounts, the structure currently applicable to council members would likely not violate the maximum payment element of the statute ($100.00 for the first meeting, $50.00 for the second meeting, and $25.00 for the third meeting would not exceed the $250.00 per month threshold mandated by LA. REV. STAT. §33:533(B)(1).
But as explained supra, their methodology may have violated LA. REV. STAT. § 33:533. But be that as it may, the board of aldermen is still cast with the responsibility of fixing the mayor's and the board's compensation. The board is then permitted to increase or decrease their compensation and the compensation paid to the mayor by ordinance but they may not decrease the compensation of any elected official, which would include the mayor, during the term for which he is elected. That presents a problem for the Town of Columbia's Town Council. It appears as though Columbia's mayor may be receiving more compensation than he is entitled to (as explained infra). Accordingly, it appears the Town Council may need to reduce his compensation commensurate with the mandates of LA. REV. STAT. § 33:533(B)(1). But any such decrease would have to come at the end of the mayor's current term of office.
SUGGESTED COURSE OF ACTION
We would respectfully suggest the following course of action to resolve the current discrepancy. First, we would suggest the Town Council pass an ordinance rescinding/abandoning the currently-employed compensation scheme after recognizing it was passed in violation of LA. REV. STAT. § 33:404.1. This would likely result in the mayor and each council member being compensated for the duration of the administrative year at the levels employed prior to the June 8, 1999 motion. We then suggest the Council pass an ordinance adopting a new compensation scheme which complies with LA. REV. STAT. § 33:533 (equal monthly installments and total payments of no more than $4,000.00 for the mayor and $3,000.00 for each council member). Such a scheme could then be implemented at the beginning of the next administrative year. Finally, we would suggest the passage of an ordinance acknowledging the overpayments to the mayor and the council members — those amounts equaling the difference between what had been paid previous to July 1, 2000, pursuant to the prior compensation plan, and what was paid from July 1, 2000, through the council's passage of the June 8, 1999 motion.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 ______________________ DAVID A. YOUNG Assistant Attorney General
 CCF, JR:DAY:jv
[1] LA. REV. STAT. § 33:404.1
[2] Smith v. Town of Cotton Valley, 5844 So.2d 1199, 1203 (La.App. 2 Cir., 1991).